■ MARTIN H. WEXLER, Appellant, v SHEA & GOULD et al., Respondents. [621 NYS2d 858] —Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered June 29, 1993, which, *inter alia,* denied plaintiff's motion seeking recusal of the court from this action, and order of said court and Justice, entered November 30, 1993 (as amended January 7, 1994), which granted summary judgment to defendants dismissing plaintiff's first, second and fourth causes of action, unanimously affirmed, with costs.

As there is insufficient evidence that "but for" defendants' alleged negligence plaintiff would have achieved a more favorable result in the underlying divorce action, plaintiff's claim fails *(see, Zarin v Reid & Priest,* 184 AD2d 385, 386-387). Indeed, plaintiff submits no more than mere speculation as to what might have occurred had defendants conducted themselves differently under possible factual scenarios *(see, Becker v Julien, Blitz & Schlesinger,* 66 AD2d 674, *lv dismissed* 47 NY2d 761).

Plaintiff's claim that he was forced and coerced into entering into the settlement agreement is without merit. Plaintiff signed the agreement which states that he entered into it "freely and voluntarily", and there is no proof that had plaintiff not entered into the agreement he would have obtained a better result.

Finally, we find that Justice Gangel-Jacob's decision not to recuse herself from the proceedings at this stage of the litigation was a sound discretionary ruling *(see, United States v Rivera,* 634 F Supp 204, *affd* 801 F2d 392; *People v McDermott,* 185 AD2d 384, 385, *lv denied* 80 NY2d 906).

We have considered all other claims and find them to be meritless. Concur—Kupferman, J. P., Ross, Rubin and Williams, JJ.