■ ELLENBOGEN & GOLDSTEIN, P. C., Respondent, v IRIS BRANDES, Appellant. [641 NYS2d 28] —Judgment, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered March 15, 1995, in favor of plaintiff law firm and against defendant client in the amount of $112,281.07, and bringing up for review an order, same court and Justice, which granted plaintiff's motion for summary judgment, unanimously affirmed, with costs.

Defendant's retention, without objection, of plaintiff's monthly bills and final bill for the 4½-month period between its receipt and commencement of this action, along with her payment of portion of the indebtedness, gave rise to an account stated (*Shea & Gould v Burr,* 194 AD2d 369, 370-371). Defendant's assertions that plaintiff had orally agreed to render legal services without charge, orally advised her to ignore its

monthly bills, and knew at the time it sent the bill in issue that defendant had no intention of paying it are conclusory (*see, supra,* at 371), and contradicted by the evidence of an unsatisfied accord between the parties. The validity of the account is not undermined by any understanding the parties may have had at the commencement of their relationship to defer payment until proceeds were realized from plaintiff's efforts (*see, Davis Markel & Edwards v Solomon,* 204 AD2d 182). While there was clearly an accord that plaintiff would accept defendant's payment of the first $25,000 defendant and her former husband each realized from the sale of the marital residence, it is equally clear that there was no satisfaction, and that plaintiff therefore remains free to sue on its original claim (*see, Denburg v Parker Chapin Flattau & Klimpl,* 82 NY2d 375, 383). Concur—Sullivan, J. P., Milonas, Ellerin, Williams and Mazzarelli, JJ.