■ RUSKIN, MOSCOU, EVANS & FALTISCHEK, P. C., Appellant, v FGH REALTY CREDIT CORP., Respondent. [644 NYS2d 206] ■

This is an action by plaintiff law firm seeking to collect unpaid legal fees due and owed by the defendant, a New York commercial mortgage company. Plaintiff provided legal representation and rendered legal services to defendant from April 4, 1990 to December 1991 in specific real estate matters set forth in the verified complaint. In addition to the verified complaint, on its motion for summary judgment, the plaintiff submitted: (1) copies of actual itemized bills reflecting total unpaid charges of $25,786.72, plus interest, owed by defendant FGH Realty to the plaintiff law firm for legal services rendered

and disbursements incurred; (2) detailed narrative descriptions; (3) the sworn affidavits of plaintiff's Vice President, Douglas Good, and real estate partner, Benjamin Weinstock, setting forth and explaining the precise legal services performed and setting forth the specific disbursements incurred; and (4) proof of the receipt and retention by the defendant, without objection within a reasonable length of time, of the plaintiff's invoices seeking payment. Plaintiff's claim for an account stated was further supported by: (1) the fact that the undisputed record establishes the receipt, on December 1, 1990, of a $5,000 partial payment made by the defendant FGH Realty to the plaintiff law firm towards the account stated (*Werner v Nelkin*, 206 AD2d 422); and (2) proof of FGH Realty's request for fees in the underlying foreclosure action based on the affidavit from a real estate partner in the plaintiff law firm which set forth the amount of attorney's fees owed to the plaintiff law firm and expressly represented that the plaintiff's fees were "fair and reasonable" (*see, Piedra v Vanover*, 174 AD2d 191, 198; *Kimco of N. Y. v Devon*, 163 AD2d 573, 574). The record further demonstrates that after the defendant failed to object or to make the requested payment, the plaintiff law firm sent constant monthly reminder statements advising the defendant that payment was overdue.

In opposition, defendant argued that it had objected to the plaintiff's bills. However, it failed to submit any writing, letter, note, documentation or evidentiary proof to support such a claim.

The IAS Court denied plaintiff's motion for summary judgment in a memorandum decision and order most notable for its complete failure to address or discuss any of the parties' contentions in a meaningful way. The court, citing general and basic concepts of law regarding motions for summary judgment, held that summary judgment based upon an account stated was precluded by the existence of material triable issues of fact. However, the IAS Court's decision fails to identify what it perceived those triable issues of fact to be. Upon our review of the record, we are unable to discern any triable issues of fact precluding the granting of summary judgment in plaintiff's favor and we therefore reverse.

Defendant's receipt and retention of the plaintiff law firm's invoices seeking payment for professional services rendered, without objection within a reasonable time, gave rise to an actionable account stated, thereby entitling the plaintiff to summary judgment in its favor (*see, Engel v Cook*, 198 AD2d 88, 89; *Rosenman Colin Freund Lewis & Cohen v Edelman*, 160 AD2d

626; *Rockefeller Group v Edwards & Hjorth*, 164 AD2d 830; *Fink, Weinberger, Fredman, Berman & Lowell v Petrides*, 80 AD2d 781, *appeal dismissed* 53 NY2d 1028 [an *unitemized* bill from a law firm received and held by a client without objection for a lengthy period of time gave rise to an actionable account stated]). The plaintiff law firm has clearly established an account stated for professional services rendered, and the defendant's belated and self-serving conclusory objection and allegation that some unidentified person had "objected" to the plaintiff's bills was insufficient to raise a genuine triable issue of fact precluding the granting of summary judgment on the complaint (*Rosenman Colin Freund Lewis & Cohen v Neuman*, 93 AD2d 745, 746).

In light of the foregoing, we need not address appellant's alternative argument that the IAS Court erred in granting the cross-motion for a further bill of particulars. Concur—Milonas, J. P., Wallach, Ross and Mazzarelli, JJ.