■ FRED EHRLICH, P. C., Appellant, v LINDA A. C. TULLO et al., Respondents. [710 NYS2d 572] —Order, Supreme Court, New York County (Richard Braun, J.), entered on or about June 25, 1997, which, *inter alia*, denied plaintiff's motion for partial

summary judgment, unanimously modified, on the law, summary judgment granted in plaintiff's favor on its first and second causes of action in the amount of $29,899.52 plus interest from October 17, 1994, and as so modified, affirmed, without costs. The Clerk is directed to enter judgment accordingly.

Plaintiff satisfied all the elements of an account stated, and defendant's claims in opposition failed to raise a material issue of fact as to any of those elements.

Not only did plaintiff demonstrate that defendant received and retained his bills without objection, an assertion never denied by defendant herself, but in addition, the parties entered into a stipulation as to $21,745.78 of plaintiff's fee, which stipulation is not vitiated by any viable claims of duress or unconscionability.

Repudiation of an agreement on the ground that it was procured by duress requires a showing of *both* (1) a wrongful threat, and (2) the preclusion of the exercise of free will (*see, Matter of Guttenplan*, 222 AD2d 255, 256-257, *lv denied* 88 NY2d 812). Here, plaintiff's "threats" to cease representing defendants unless he were paid were not wrongful. The threatened exercise of a legal right is not economic duress (*see, Faillace v Port Auth.*, 130 AD2d 34, 42, *lv denied* 70 NY2d 613; *Gerstein v 532 Broad Hollow Rd. Co.*, 75 AD2d 292, 297; *Hopkins v Governale*, 222 AD2d 435, 436).

Moreover, the retainer agreement expressly permitted the attorney's suspension of services or complete withdrawal under the circumstances presented here, and, in any event, given the status of the case at that time, defendant would not have been prejudiced had her attorney actually withdrawn.

Nor was the pressure on defendants so great as to constitute the requisite "overcoming of free will" compelling them to sign the stipulation. Indeed, no evidence was submitted on the summary judgment motion to substantiate the claim of ill health.

Defendants' challenge to the propriety of some terms of the retainer agreement is unavailing. Our concern here is not with the validity of the retainer agreement but with the viability of the stipulation. Even if any part of the retainer were unconscionable, this would have no bearing on the stipulation (*see, Ellenbogen & Goldstein v Brandes*, 226 AD2d 237, *lv denied* 89 NY2d 806).

In addition to the amount agreed to in the stipulation, plaintiff was entitled to the amounts thereafter billed, when those bills were retained without protest and partially paid (*see, Ruskin, Moscou, Evans & Faltischek v FGH Realty Corp.*,

228 AD2d 294; *Ellenbogen & Goldstein v Brandes, supra).* Indeed, the retention of these bills without objection is sufficient, even if there were no partial payment *(see, Ruskin, Moscou, Evans & Faltischek v FGH Realty Credit Corp., supra).* There was no real inconsistency with respect to the amounts sought in these bills.

However, on the record before us, issue is not joined on plaintiff's claim with respect to the invoice from plaintiff's son's Florida law firm, and accordingly, judgment sought thereon in the amount of $1,350.43 would be premature. Concur—Rosenberger, J. P., Tom, Wallach and Saxe, JJ.