■ ALTER & ALTER, Respondent, v PHILIP CANNELLA, Defendant and Third-Party Plaintiff-Appellant. STANLEY ALTER, Third-Party Defendant-Respondent. [726 NYS2d 33] —Judgment, Supreme Court, New York County (Richard Braun, J.), entered October 23, 2000, which awarded plaintiff $44,445, plus interest and costs, and dismissed defendant and third-party plaintiff's counterclaims and purported third-party complaint, and bringing up for review an order, same court and Justice, entered on or about October 13, 2000, which, *inter alia*, granted plaintiff's motion for summary judgment upon its first cause of action for an account stated and dismissing defendant and third-party plaintiff's counterclaims and purported third-party complaint, and denied defendant and third-party plaintiff's cross motion to, *inter alia*, compel responses to his discovery and bill of particulars demands, unanimously affirmed, without costs. Appeal from the aforesaid October 13, 2000 order, unanimously dismissed, without costs, as subsumed in the appeal from the ensuing October 23, 2000 judgment.

Uncontradicted evidence of defendant's receipt and retention of plaintiff law firm's invoices for fees for preparation of a post-trial brief in litigation concerning a child-custody matter, without objection within a reasonable time, entitled plaintiff to summary judgment on its cause of action for an account stated (*see, e.g., Ruskin, Moscou, Evans & Faltischek v FGH Realty Credit Corp.*, 228 AD2d 294, 295). Defendant, whose affidavit did not address the account stated cause of action, was not

entitled to rely on the contentions of his bill of particulars, incorporated by reference in an affirmation of counsel, to defeat plaintiff's summary judgment motion (*see, Marinelli v Shifrin*, 260 AD2d 227, 229, quoting *Indig v Finkelstein*, 23 NY2d 728, 729), and the letters attached to the bill of particulars as purported written objections to the invoices on their face set forth no such objections. The claim for an account stated is also supported by the fact that defendant applied for an award of attorney's fees, including the fees here at issue, in the custody litigation (*see, Ruskin, Moscou, Evans & Faltischek v FGH Realty Credit Corp., supra*).

The motion court also correctly rendered summary judgment dismissing defendant's counterclaims and the purported third-party complaint, sounding in legal malpractice, since the matters on which such claims are based constitute, at most, mere errors of professional judgment not rising to the level of legal malpractice (*see, Rosner v Paley*, 65 NY2d 736, 738; *Geller v Harris*, 258 AD2d 421), and defendant can only speculate that the custody litigation would have had an outcome more favorable to him if plaintiff had made different tactical decisions in representing defendant therein (*see, Cepeda v Trolman & Glaser*, 259 AD2d 355; *John P. Tilden, Ltd. v Profeta & Eisenstein*, 236 AD2d 292).

We have considered defendant's remaining arguments and find them unavailing. Concur—Andrias, J. P., Lerner, Rubin, Buckley and Marlow, JJ.