■ JOSEPH IOCOVELLO et al., Appellants, v WEINGRAD & WEINGRAD, LLP, et al., Respondents. [772 NYS2d 53]—

Order, Supreme Court, New York County (Edward Lehner, J.), entered April 4, 2003, which denied plaintiffs' motion to vacate the default judgment entered on defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiffs have failed to demonstrate a meritorious cause of action for legal malpractice (*Tortorello v Carlin*, 286 AD2d 628 [2001]), there being insufficient evidence that "but for" defendants' alleged negligence in not submitting certain attendance records at the trial of the underlying action, plaintiffs would have achieved a more favorable result (*Wexler v Shea & Gould*, 211 AD2d 450 [1995]). The record establishes that defendants submitted in evidence relevant information about Joseph Iocovello's absence from work, gathered from sources other than attendance records. Moreover, defendants offer a reasonable strategy as to why they did not submit the actual attendance records at trial. Attorneys are free to select among reasonable courses of action in prosecuting clients' cases without thereby exposing themselves to liability for malpractice (*Dweck Law Firm v Mann*, 283 AD2d 292, 293 [2001]). Concur—Mazzarelli, J.P., Williams, Friedman and Gonzalez, JJ.