■ MICHAEL MELNITZKY, Appellant, v EUGENE NATHANSON, Respondent. [785 NYS2d 688]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered November 6, 2003, which granted defendant's motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint, unanimously affirmed, without costs.

The malpractice claim that defendant attorney's conduct was the "but for" cause of plaintiff's losses was speculative (see Alter & Alter v Cannella, 284 AD2d 138, 139 [2001]), it reflected nonactionable strategic choices (see Iocovello v Weingrad & Weingrad, 4 AD3d 208 [2004]), and, as to the claimed failure to plead defamation, was entirely conclusory (see Gonzalez v Lombardino, 301 AD2d 437 [2003]). Concur—Nardelli, J.P., Mazzarelli, Sullivan, Friedman and Gonzalez, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TODD GARRETT, Appellant. [785 NYS2d 687]—

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered November 20, 2002, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

The verdict was not against the weight of the evidence. The evidence warranted the conclusion that defendant was a participant in a drug-selling operation based in an apartment, and that he was one of the persons in constructive possession of the drugs stored in that apartment (see People v Bundy, 90 NY2d 918 [1997]). The evidence also established defendant's guilt under the drug factory presumption (see Penal Law § 220.25 [2]). Contrary to defendant's claims, the evidence satisfied the "open view" and "close proximity" requirements of the presumption. Concur—Nardelli, J.P., Mazzarelli, Sullivan, Friedman and Gonzalez, JJ.