■ Janice Noone, Appellant, v Michael Stieglitz et al., Respondents, et al., Defendants. [873 NYS2d 661]—

In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Westchester County (Loehr, J.), dated October 26, 2007, which granted the motion of the defendants Michael Stieglitz and Sobel, Ross, Fleigel & Suss, LLP, for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The defendants Michael Stieglitz and Sobel, Ross, Fleigel & Suss, LLP (hereinafter the respondents), represented the plaintiff in an underlying personal injury action to recover damages she sustained in an automobile accident, which occurred when the defendant in the underlying action drove his truck into her lane. The defendant in the underlying action testified that he was forced into the plaintiff's lane by a yellow car which drove into his lane from the side of the road. The plaintiff relied upon the testimony of a nonparty eyewitness, who stated there was no yellow car.

During jury deliberations at the trial on the issue of liability in the underlying action, the plaintiff accepted a "high-low" settlement offer whereby she would receive $1,000,000 if the jury found in her favor on the issue of liability and $500,000 if the jury found in favor of the defendant. The jury returned a verdict for the defendant.

The plaintiff then commenced the instant action to recover damages for legal malpractice against the respondents alleging, inter alia, that they committed legal malpractice by failing to present at the trial a map of the area of the road where the accident occurred and related records of recent highway construction demonstrating that there was no shoulder or entrance on the side of the road from which the yellow car could have come. The plaintiff further alleged that the respondents failed to advise her of the consequences of the high-low settlement.

The respondents moved for summary judgment on the grounds, inter alia, that the plaintiff was advised of the consequences of the high-low settlement on the record in the underlying action, their strategy was to rely upon the favorable testimony of a nonparty eyewitness, and submitting a map of the road would not have helped the plaintiff's case. The respondents noted that at the trial in the underlying action, the plaintiff's position was that if there was no shoulder, there was no place for the yellow car to come from, but if there was some sort of shoulder, the defendant in the underlying action should have used the shoulder rather than the plaintiff's lane to avoid the yellow car.

The Supreme Court granted the respondents' motion for summary judgment dismissing the complaint insofar as asserted against them, noting that the respondents "offered a reasonable trial strategy as to why they did not submit the maps and diagrams." The plaintiff appeals.

To establish a claim to recover damages for legal malpractice, "a plaintiff must demonstrate that the attorney 'failed to

exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession' and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007], quoting *McCoy v Feinman*, 99 NY2d 295, 301-302 [2002])."Attorneys are free to select among reasonable courses of action in prosecuting clients' cases without thereby exposing themselves to liability for malpractice" (*Iocovello v Weingrad & Weingrad*, 4 AD3d 208, 208 [2004]; *see Rosner v Paley*, 65 NY2d 736, 738 [1985]). Here, the respondents established their entitlement to judgment as a matter of law by demonstrating that they were pursuing a reasonable trial strategy. Further, they demonstrated that the plaintiff was advised of the consequences of the high-low settlement. In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the respondents' motion for summary judgment was properly granted. Covello, J.P., Angiolillo, Belen and Chambers, JJ., concur.