Duane Morris LLP, Respondent-Appellant, v Astor Holdings Inc. et al., Appellants-Respondents. (And a Third-Party Action.) [877 NYS2d 250]—

Order, Supreme Court, New York County (Joan A. Madden, J.), entered on or about October 25, 2007, which, to the extent appealed from as limited by the briefs, in this action to recover legal fees, granted plaintiff's motion for summary judgment on its account stated cause of action against defendant Astor Holdings Inc. (Astor) and dismissing part of defendants' legal malpractice counterclaim, and denied plaintiff's motion for summary judgment dismissing defendant Robot Wars LLC's malpractice counterclaim, unanimously modified, on the law, to grant plaintiff's motion for summary judgment dismissing Robot Wars' malpractice counterclaim, and otherwise affirmed, with costs in favor of plaintiff. Order, same court and Justice, entered August 19, 2008, which, inter alia, granted plaintiff's motion for reargument and, upon reargument, granted plaintiff summary judgment on its account stated claim against Robot Wars, unanimously affirmed, with costs in favor of plaintiff.

The lack of discovery in this action does not require denial of plaintiff's summary judgment motion as premature (*see e.g. Voluto Ventures, LLC v Jenkens & Gilchrist Parker Chapin LLP*, 44 AD3d 557 [2007]). Defendants failed to show that facts essential to justify opposition to the motion were within plaintiff's exclusive knowledge or that discovery might lead to facts relevant to the issues (*see id.*; *Bailey v New York City Tr. Auth.*, 270 AD2d 156, 157 [2000]).

The record shows that in December 2003, each defendant signed an agreement with plaintiff, acknowledging that it owed plaintiff a certain sum of money for their legal representation and agreeing to pay it within a certain amount of time. Although defendants contend that there is a triable issue of fact as to whether these agreements were signed under duress, "[r]epudiation of an agreement on the ground that it was

procured by duress requires a showing of *both* (1) a wrongful threat, and (2) the preclusion of the exercise of free will" (*Fred Ehrlich, P.C. v Tullo*, 274 AD2d 303, 304 [2000]). Here, defendants have admitted that the December 2003 agreements resulted from significant negotiations with plaintiff during which they were represented by separate counsel, and even if plaintiff threatened to cease representing defendants unless it were paid, that is not a wrongful threat (*id.*). There is no need for discovery as to whether the December 2003 agreements are enforceable, as the existence of a wrongful threat and the overbearing of defendants' free will are both matters within defendants' knowledge.

The affidavit of defendants' principal, which claimed that he orally protested plaintiff's services, does not serve to defeat plaintiff's motion. A client's "self-serving, bald allegations of oral protests [a]re insufficient to raise a triable issue of fact as to the existence of an account stated" (*Darby & Darby v VSI Intl.*, 95 NY2d 308, 315 [2000]), and defendants do not need discovery as to whether they ever protested plaintiff's bills, since that is also a matter within their own knowledge.

Defendants' contention that the December 2003 agreements cannot form the basis of an account stated because they are not itemized billing statements, is raised for the first time in their reply brief and is not entitled to consideration (*see e.g. Meade v Rock-McGraw, Inc.*, 307 AD2d 156, 159 [2003]). In any event, plaintiff's account stated claims are not based solely on the December 2003 agreements, but also on the detailed billing statements dated from January 2004 through August 2004.

The part of defendants' malpractice counterclaim that dealt with the action against Edward Roski III was properly dismissed. "[A] legal malpractice action is unlikely to succeed when the attorney erred because an issue of law was unsettled or debatable" (*Darby*, 95 NY2d at 315 [internal quotation marks and citation omitted]). When the Southern District of New York found that some of Astor's claims in the Roski action were barred, it noted that "there appears to be no federal authority directly on point" (*Astor Holdings, Inc. v Roski*, 325 F Supp 2d 251, 262 [SD NY 2003]), and relied on a California state case that was decided in 2002 (*see id.*), which was after the Roski action was filed. The e-mails of defendants' principal, summarizing the results of his consultations with lawyers from firms other than plaintiff, show that the issue of whether Astor had to bring certain claims in Bankruptcy Court (as opposed to the Southern District of New York) was unsettled, and defendants' attempt to distinguish good/bad faith from preemption, is not

availing. The basis for the Southern District's finding of preemption was that the Bankruptcy Court had exclusive jurisdiction to determine whether a debtor had filed for bankruptcy in bad faith (*id.* at 262-263).

Regarding defendants' argument that plaintiff was not forthright about the damages that could be recovered in the Roski action, this claim was not pleaded in either the original or amended counterclaims and should not be considered as a basis for defeating summary judgment (*see e.g. People v Grasso*, 54 AD3d 180, 212-213 [2008]). In any event, the documentary evidence contradicts the claim.

Robot Wars' malpractice counterclaim should have been dismissed as time-barred. "An action to recover damages arising from an attorney's malpractice must be commenced within three years from accrual (*see* CPLR 214 [6])" (*McCoy v Feinman*, 99 NY2d 295, 301 [2002]). The amended counterclaims allege that plaintiff's malpractice in the action that Robot Wars filed against Marc Thorpe in April 2001 occurred between February and May 2001. However, Robot Wars did not assert its malpractice counterclaim until July 2006. The continuous representation doctrine does not save Robot Wars' counterclaim about the Thorpe action on the basis that plaintiff represented Astor in the Roski action until July 2004. "[I]n the context of a legal malpractice action, the continuous representation doctrine tolls the Statute of Limitations only where the continuing representation pertains specifically to the matter in which the attorney committed the alleged malpractice" (*Shumsky v Eisenstein*, 96 NY2d 164, 168 [2001]). Plaintiff's representation of Robot Wars in the Thorpe action ceased in February 2002, more than three years before Robot Wars asserted its malpractice counterclaim. Concur—Mazzarelli, J.P., Friedman, Moskowitz and Acosta, JJ.