■ ALICIA M. RODRIGUEZ, Respondent, v LIPSIG, SHAPEY, MANUS & MOVERMAN, P.C., Appellant. [917 NYS2d 563]—

Order, Supreme Court, Bronx County (Paul Victor, J.), entered December 24, 2009, which, in an action alleging legal malpractice arising out of defendant law firm's representation of plaintiff in an uninsured motor vehicle arbitration, denied defendant's motion for summary judgment dismissing the complaint, with leave to renew at the completion of discovery, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint.

In an action for legal malpractice, "a plaintiff must demonstrate that [he or she] would have succeeded on the merits of the underlying action but for the attorney's negligence" (*Davis v Klein*, 88 NY2d 1008, 1009-1010 [1996]; *see Dweck Law Firm v Mann*, 283 AD2d 292, 293 [2001]). An attorney's "selection of one among several reasonable courses of action does not constitute malpractice" (*Rosner v Paley*, 65 NY2d 736, 738 [1985]).

Defendant established its entitlement to judgment as a matter of law by demonstrating that the associate who represented plaintiffs in the underlying arbitration was pursuing a reasonable strategy in not submitting repair bills and photographs that depicted damage consistent with the uninsured driver's testimony (*see Noone v Stieglitz*, 59 AD3d 505 [2009]; *Iocovello v Weingrad & Weingrad*, 4 AD3d 208 [2004]). In opposition, plaintiff failed to raise a triable issue of fact. Plaintiff's argument that the damage depicted in the photographs would have led the arbitrator to conclude that the uninsured driver was speeding is insufficient speculation (*see Alter & Alter v Cannella*, 284 AD2d 138, 139 [2001]; *John P. Tilden, Ltd. v Profeta & Eisenstein*, 236 AD2d 292 [1997]). Concur—Tom, J.P., Sweeny, Acosta, Renwick and Manzanet-Daniels, JJ.