■ Richard Ferguson, Appellant, v Gregory F. Hauser et al., Respondents. [66 NYS3d 278]—

Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered June 2, 2016, which granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs.

Plaintiff alleges that his attorney committed legal malpractice, when he failed to advise plaintiff at the outset of the second arbitration proceeding that dissolution was the only viable option. The complaint shows that opposition to the second arbitration, rather than dissolution of the company, was one of several reasonable courses of action; thus, defendants' conduct in opting to defend the claims in the second arbitration, which included breach of fiduciary duty, misappropriation, and conversion of the company's assets, and which would affect plaintiff's share, if any, of the distribution of the company's assets, does not constitute malpractice (*Rosner v Paley*, 65 NY2d 736 [1985]; *Rodriguez v Lipsig, Shapey, Manus & Moverman, P.C.*, 81 AD3d 551 [1st Dept 2011]). Similarly, defendants' decision to assert as counterclaims in the second arbitration claims similar to those that plaintiff had unsuccessfully pursued in the first arbitration was a reasonable course of action, because it was merely an attempt to prevail on those issues before different arbitrators.

Moreover, plaintiff's claim requires speculation about future events, and does not sufficiently establish that defendants proximately caused him ascertainable damages (*Brooks v Lewin*, 21 AD3d 731, 734-735 [1st Dept 2005], *lv denied* 6 NY3d 713 [2006]). An earlier dissolution of the company would not in itself have averted the delays that plaintiff alleges caused his

losses, since plaintiff still would have had to await the arbitration ruling. Although plaintiff suggests that dissolution of the company and sale of the underlying property need not have awaited a determination by the arbitrators, given the nature of his disputes with the co-owner of the company, it is unlikely that he and the co-owner would have agreed to a swift dissolution and sale. Concur—Richter, J.P., Manzanet-Daniels, Andrias, Kern and Singh, JJ.