Roth v Ostrer (2018 NY Slip Op 03218)





Roth v Ostrer


2018 NY Slip Op 03218


Decided on May 3, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 3, 2018

Acosta, P.J., Friedman, Manzanet-Daniels, Kapnick, Kern, JJ.


6466 159191/15

[*1]Roger S. Roth, Plaintiff-Respondent,
v
Benjamin Ostrer, et al., Defendants-Appellants.


Furman Kornfeld & Brennan LLP, New York (A. Michael Furman of counsel), for appellants.
Sher Tremonte LLP, New York (Justin M. Sher of counsel), for respondent.



Order, Supreme Court, New York County (Robert R. Reed, J.), entered May 2, 2016, which, to the extent appealed from, denied defendants' motion pursuant to CPLR 3211(a)(1) and 3211(a)(7) to dismiss the causes of action for legal malpractice, breach of fiduciary duty, and breach of contract, unanimously modified, on the law, to dismiss the cause of action for breach of fiduciary duty and breach of contract, and otherwise affirmed, without costs.
Plaintiff alleges that defendants committed legal malpractice by withdrawing, without first consulting with him, his appeal from a November 2012 order of Supreme Court, Orange County (Lawrence H. Ecker, J.), that dismissed his article 78 petition to annul his summary termination from the Newburgh Police Department, without a pretermination hearing pursuant to Civil Service Law § 75 or Town Law § 155.
Defendants failed to demonstrate as a matter of law that their withdrawal of the appeal was not negligence but a reasonable strategic decision (see Rodriguez v Lipsig, Shapey, Manus & Moverman, P.C., 81 AD3d 551 [1st Dept 2011]). The withdrawal resulted in plaintiff's forgoing a pretermination hearing, which would have entitled him to procedural safeguards and allowed for disciplinary measures less severe than termination. By contrast, the reinstatement hearing to which the Town of Newburgh consented upon vacatur of plaintiff's conviction and his plea to harassment in the second degree, a violation (Penal Law § 240.26), and at which defendants represented plaintiff, was limited to whether, in the Town's discretion, plaintiff should be reinstated to his position (see Civil Service Law § 75; Town Law § 155; Public Officers Law § 30[1][e]).
The allegations in the complaint establish that but for defendants' conduct in withdrawing the appeal from Justice Ecker's ruling, and in sending a different lawyer than the one promised to represent him at the reinstatement hearing, he would not have incurred damages (see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442 [2007]; see Weil, Gotshal & Manges, LLP v Fashion Boutique of Short Hills, Inc., 10 AD3d 267, 271-272 [1st Dept 2004]). Plaintiff showed that he would have prevailed on the appeal had it not been withdrawn, because Justice Ecker erred in concluding that plaintiff's conviction of assault in the third degree, based on criminal negligence (Penal Law §§ 15.05[4]; 120.00[3]), a misdemeanor, constituted a violation of his oath of office, i.e., arose from "knowing or intentional conduct indicative of a lack of moral integrity," and warranted termination without a hearing pursuant to Public Officers Law § 30(1)(e) (Matter of Duffy v Ward, 81 NY2d 127, 135 [1993]). Justice Ecker reasoned that third-degree assault was a violation of plaintiff's oath of office merely because criminal negligence requires more than ordinary civil negligence, and that therefore it "did not negate a finding that [plaintiff] engaged in knowing or intentional' conduct within the meaning of [Public Officers Law § 30(1)(e)]" (Matter of Application Roth v Town of Newburgh, Sup Ct, Orange County, Nov. 16, 2012, Ecker, J., index No. 3014/2012). In addition, the elements of criminally negligent assault in the third degree do not necessarily warrant a finding of lack of moral integrity (see Duffy, 81 NY2d at 135).
In arguing to the contrary, defendants at times rely on the underlying facts of the offense, contrary to Duffy (81 NY2d at 134 ["misdemeanor conviction for conduct outside the line of duty will be a crime involving a violation of (the) oath of office' under Public Officers Law § 30[1][e] only if the violation is apparent from the Penal Law's definition of the crime"]).
Had plaintiff prevailed on appeal, he would have obtained a pretermination hearing, which, as indicated, in contrast to the reinstatement hearing he received, would have allowed him to argue for disciplinary measures other than termination. Plaintiff thus sufficiently alleged that defendants caused him actual ascertainable damages of lost salary and other benefits (see Pellegrino v File, 291 AD2d 60, 63 [1st Dept 2002], lv denied 98 NY2d 606 [2002]).
Defendants' contention that the complaint should be dismissed as against Hoovler pursuant to Business Corporation Law § 1505(a) is unavailing at this stage. Hoovler's affidavit, in which he denies performing or supervising legal service on plaintiff's behalf, does not address time records that suggest otherwise.
The claims for breach of contract and breach of fiduciary duty should have been dismissed as duplicative of the legal malpractice claim, in terms of both the misconduct alleged and damages sought.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 3, 2018
CLERK