■ SEAN KEELEY, Plaintiff, v JOHN J. TRACY et al., Defendants and Third-Party Plaintiffs-Respondents, and ZACHARY & TRACY, P.C., Respondent. ZALMAN & SCHNURMAN, Third-Party Defendant-Appellant. [753 NYS2d 519] —In an action to recover damages for legal malpractice, the third-party defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Maltese, J.), dated February 8, 2002, as denied that branch of its motion which was for summary judgment dismissing the third-party complaint and, as, upon granting that branch of its motion which was to dismiss the cross claims of Zachary & Tracy, P.C., insofar as asserted against it, did so with leave to Zachary & Tracy, P.C., to serve and file a third-party complaint in place of those cross claims.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was for summary judgment dismissing the third-party complaint is granted, and that branch of the motion which was to dismiss the cross claims of Zachary & Tracy, P.C., insofar as asserted against the appellant, is granted in its entirety.

The third-party complaint and the cross claims against the appellant must be dismissed because there is no factual basis upon which the respondents, the plaintiff's former attorneys, could predicate their claims for contribution and indemnification against the appellant, the attorneys who represented the plaintiff after the respondents were discharged (*cf. Schauer v Joyce,* 54 NY2d 1). In response to the appellant's showing that it acted reasonably in recommending that the plaintiff settle

his action against the driver of the car in which he was injured for the maximum amount of the driver's insurance coverage, the respondents offered no evidence to raise an issue of fact that the settlement recommendation was an unreasonable course of action that constituted legal malpractice (*see Rosner v Paley,* 65 NY2d 736; *Ferlisi v Jackrel, Kopelman & Raskin,* 167 AD2d 502). Furthermore, the respondents' contention that summary judgment is premature because they were denied discovery is without merit. The mere hope that they will uncover evidence that will prove that the appellant committed malpractice is not a basis for postponing a decision on a summary judgment motion (*see Kennerly v Campbell Chain Co.,* 133 AD2d 669, 670).

In any event, the settlement of the plaintiff's action against the driver did not contribute to or aggravate the plaintiff's damages arising from the respondents' failure to commence an action against the bar that served the driver alcohol. Any damage award against the respondents will actually be reduced by the greater of the amount of the settlement or the amount of the driver's equitable share of the damages (*see* General Obligations Law § 15-108). Furthermore, the injury allegedly caused by the appellant, i.e., the loss of the plaintiff's right to recover damages of an amount representing the driver's equitable share of his injuries, is not the same injury as the one allegedly caused by the respondents' failure to bring a cause of action against the bar (*see* CPLR 1401; *Raquet v Braun,* 90 NY2d 177, 183; *Gonzalez v Jacoby & Meyers,* 258 AD2d 560, 561).

Further, the appellant owes no duty to the respondents with regard to common-law indemnification (*see Mas v Two Bridges Assoc.,* 75 NY2d 680, 690). Feuerstein, J.P., Krausman, Mastro and Rivera, JJ., concur.