■ BERNADETTE GOTAY, Appellant, v DAVID BREITBART et al., Respondents. [790 NYS2d 1]—

Order, Supreme Court, New York County (Joan A. Madden, J.), entered September 25, 2003, which, in an action for legal malpractice and treble damages under Judiciary Law § 487, granted defendants' motions to dismiss the complaint, unanimously modified, on the law, so as to deny those parts of the motions seeking dismissal of the legal malpractice claims as against defendants David Breitbart, Michael Handwerker, Steve Marchelos, Handwerker, Honschke & Marchelos, and Neil Honschke, and otherwise affirmed, without costs.

The underlying action, which alleged that plaintiff sustained injury during her birth in 1977 as a result of medical malpractice, was commenced in 1978 by a defunct law firm whose members were not made defendants herein. Defendants herein are law firms and their members whose first involvement with the underlying action was some 15 years after its commencement. While the instant motions to dismiss for failure to state a cause of action were sub judice, the underlying action was dismissed on the ground that "25 years of neglect in the prosecution of this action" had severely prejudiced the defendants therein.

The record reflects that defendant Breitbart's firm was substituted for the now defunct Kaufman & Siegel, P.C., in the representation of plaintiff in November 1993; the firm served a

bill of particulars on the New York City Health and Hospitals Corporation (HHC) in January 1994. Defendant Handwerker, Honschke & Marchelos became the attorneys of record for plaintiff in July 1994; that firm forwarded authorizations for the release of records to Bronx Municipal Hospital Center and the Hospital for Joint Diseases in October 1995. In November 1995, Steve Marchelos sent payment for duplication of plaintiff's x-ray films to the Hospital for Joint Diseases.

In January 1999, some time after the Handwerker, Honschke & Marchelos firm was dissolved, defendant Michael Handwerker joined the Ross Suchoff firm, taking with him plaintiff's medical malpractice action. Reviewing the file at that time, defendant Hankin, a partner in Ross Suchoff, discovered that no index number had been purchased in the action, and the firm decided not to undertake representation of plaintiff. Hankin so advised plaintiff's father on January 28, 1999. He explained in a subsequent letter that in 1992 New York had begun requiring that an index number be purchased before papers were served upon a defendant and that since an index number had not been purchased and more than year had passed since the statute was enacted, plaintiff's claims "are now dismissed." Hankin concluded that, "based upon the passage of time, any attempt to purchase an index number now would be futile."

Plaintiff commenced the instant action in January 2002, alleging that defendant attorneys and law firms were negligent in failing to monitor the status of her medical malpractice action, misleading her and her parents into believing that there was a valid pending action when defendants knew or should have known that no index number had been purchased and the case had been dismissed, failing to advise plaintiff and her parents that Kaufman & Siegel had committed legal malpractice by neglecting to purchase an index number for the medical malpractice action, and failing to advise plaintiff and her parents of their right to bring a legal malpractice action against Kaufman & Siegel.

The complaint alleged that as a result of defendants' negligence, "the plaintiff has been prejudiced by the passage of time, in that the facts and circumstances surrounding the medical malpractice of 'The Hospital' have been obscured," and that defendants' negligence has "placed the plaintiff in a position where the plaintiff may not be able to fully explore and set forth acts of negligence of 'The Hospital.' "

Indeed, in dismissing the underlying action on the ground of 25 years of neglect in the prosecution thereof, the court noted that HHC claimed that "a thorough search of the records of the

Law Department of the City of New York failed to reveal any record of any file relating to plaintiffs' claim, and that a similar search of the Jacobi Medical Center (formerly known as Bronx Municipal Hospital) where plaintiff claims to have been born, failed to reveal any record of her alleged delivery."

In March 2002, defendants Ross, Suchoff, Hankin, Maidenbaum, Handwerker & Mazel, Michael Handwerker, Mark Hankin, Brian K. Suchoff, Jeffrey A. Maidenbaum and Geoffrey A. Mazel asserted as an affirmative defense in their answer to the legal malpractice complaint that the medical malpractice action was still viable and that plaintiff could continue that action pursuant to CPLR 306-a (c). Plaintiff's motion to reactivate the medical malpractice action would be denied only a year later, in April 2003, on the ground of prejudice to the defendants therein, but in 1994 and 1995, when defendant Breitbart and defendant Handwerker, Honschke & Marchelos, respectively, were representing plaintiff, the medical malpractice action apparently was still viable. Since the action was commenced before July 1, 1992, an application for an order of filing nunc pro tunc made two or three years later, in 1994 or 1995, likely would have been granted, pursuant to the 1991 version of CPLR 306-a (*see e.g. Schaffrick v City of Kingston*, 217 AD2d 892, 893 [1995] [citing CPLR former 306-a, added by L 1991, ch 166, § 381, and affirming grant of pro forma motion to file summons and complaint nunc pro tunc, where plaintiff served summons and complaint May 18, 1990, but did not file summons and complaint or purchase index number until October 4, 1993]). The same application made in 2002, however, likely would have been denied, as was plaintiff's motion to reactivate the action, on the ground of prejudice to the defendants (*cf. Alexander v County of Westchester*, 248 AD2d 419 [1998] [granting a motion for late filing on the grounds that the action was timely commenced and the defendant showed no prejudice by the late filing]).

Plaintiff's complaint alleges essentially that defendants' conduct fell below acceptable standards, i.e., that defendants failed to discover during their representation of plaintiff that no index number had ever been purchased and consequently failed to apply for an order of filing nunc pro tunc, thereby failing to prosecute plaintiff's medical malpractice action so as to preserve her claims against the defendants therein, as a result of which plaintiff incurred damages by reason of the loss of her opportunity to bring suit against the parties responsible for her injuries. These allegations, at least as against defendants Breitbart and Handwerker, Honschke & Marchelos and its partners, are sufficient to survive the CPLR 3211 (a) (7) motion (*see Greenwich v Markhoff*, 234 AD2d 112, 114 [1996]).

Neither firm noticed, upon taking plaintiff's case, that there was no index number for the action and neither applied for filing nunc pro tunc, a step that would have permitted the prosecution of this then-15-year-old action. "An attorney has the responsibility to investigate and prepare every phase of his client's case" (*Parksville Mobile Modular, Inc. v Fabricant*, 73 AD2d 595, 598 [1979], *appeal dismissed* 49 NY23d 801 [1980] [internal quotation marks and citation omitted]). We cannot say as a matter of law that the conduct of the Breitbart and Handwerker firms did not "f[a]ll below the ordinary and reasonable skill and knowledge commonly possessed by a member of [their] profession" (*Grago v Robertson*, 49 AD2d 645, 646 [1975]).

We note, moreover, that if in further proceedings herein plaintiff should be unable to establish any element of the underlying medical malpractice action as a direct consequence of defendants' delay and inaction, such element shall be deemed admitted.

Plaintiff fails, however, to allege facts showing that any of defendants herein willfully delayed the underlying action with a view to their own gain, as might warrant treble damages under Judiciary Law § 487 (2).

Clarification granted to the extent of deeming motion as one for reargument, and upon reargument, the decision and order of this Court entered herein on October 12, 2004 (11 AD3d 273) is hereby recalled and vacated. Concur—Ellerin, J.P., Nardelli, Williams and Catterson, JJ.