*35 OPINION OF THE COURT
Per Curiam.
Order, entered March 3, 2006, affirmed, with $10 costs.
Plaintiff seeks damages for legal malpractice alleging that defendants, who represented plaintiff in an employment discrimination action that was ultimately settled, failed to specify whether the settlement proceeds were attributable to personal injury or sickness so as to exclude the monies from plaintiffs taxable income. Plaintiff established the applicability of the doctrine of continuous representation by showing her reliance upon the continued professional services of defendants. It is undisputed that, commencing in August 2002, defendants represented plaintiff before the Internal Revenue Service in an attempt to remedy the tax consequences of the underlying June 2000 settlement agreement, executed by plaintiff upon advice of defendants. The continued services, rendered by defendants within the limitations period, were sufficiently related to the matter upon which plaintiffs allegations of malpractice are based (see e.g. Pellati v Lite & Lite, 290 AD2d 544 [2002]). In this regard, it is significant to note that the tax court, in ruling adversely to plaintiff, found that “the settlement agreement [did] not allocate any part of the settlement payment to a personal physical injury or physical sickness.” Under these circumstances, plaintiff could not reasonably be expected to challenge defendants’ expert opinion since she continued to rely on defendants to represent her in the ensuing tax proceeding (see Shumsky v Eisenstein, 96 NY2d 164, 169-170 [2001]). An injured client should not be required “to challenge [her] professional advisor while remedial efforts are underway” (Matter of Clark Patterson Engrs., Surveyor, & Architects, P.C. [City of Gloversville Bd. of Water Commr.], 25 AD3d 984, 986 [2006]). Accordingly, the continuous representation doctrine tolled the limitations’ period until defendants withdrew as plaintiffs counsel on January 20, 2003. This action, commenced in December 2003, was timely filed.
Inasmuch as neither side submitted any expert testimony addressing the adequacy of defendants’ professional services, the parties’ cross motions for summary judgment were properly denied for failure to make a prima facie showing of entitlement to judgment as a matter of law on the issue of liability.
We have reviewed defendants’ remaining claims and find them to be without merit.