■ MONIQUE PILLARD, Respondent, v ROBERT GOODMAN et al., Appellants, et al., Defendant. [918 NYS2d 461]—

This action alleging legal malpractice arose out of defendants' representation of plaintiff in a lawsuit brought by Victoria Gallegos alleging employment discrimination against nonparty Elite Model Management Corp.; plaintiff, a 10% shareholder; and Elite's majority shareholder, director of finance and copresident. A bifurcated trial resulted in a verdict of liability against the Elite defendants and an award to Gallegos of approximately $2.6 million in compensatory damages and $2.6 million in punitive damages against the corporate defendant. On appeal, this Court affirmed the liability verdict but vacated the damages award and remanded the matter for a new trial on the issue of damages (*see Gallegos v Elite Model Mgt. Corp.*, 28 AD3d 50 [2005]).

The instant complaint states a cause of action for legal malpractice by alleging that defendants were negligent in failing to proffer evidence at trial that plaintiff was no longer president of Elite when Gallegos's employment commenced, had limited authority to respond to Gallegos's complaints, and did not approve of or participate in the termination of Gallegos's employment, and that but for this negligence plaintiff would have been

exonerated of liability and would not have incurred damages (*see InKine Pharm. Co. v Coleman*, 305 AD2d 151 [2003]). Plaintiff also alleges sufficiently that Curtin mishandled the Gallegos in-house complaint and failed to apprise her of Gallegos's early settlement demand in the amount of $50,000 (*see Boglia v Greenberg*, 63 AD3d 973, 975 [2009]).

The complaint further alleges that defendants' joint representation of all the Elite defendants in the Gallegos action, in violation of Code of Professional Responsibility DR 5-105 (22 NYCRR 1200.24) (eff through Mar. 31, 2009), divided their loyalties and prevented them from asserting the defense that plaintiff's codefendants were the primary, if not the sole, actors in the decision to terminate Gallegos's employment; because of their joint representation, defendants could not request that the jury apportion liability among plaintiff and her codefendants, resulting in the automatic imposition of joint and several liability on her (*see* CPLR 1601). While these allegations of a conflict of interest or a violation of attorney disciplinary rules alone could not support a cause of action, liability can follow where the divided loyalty results in malpractice (*see Ulico Cas. Co. v Wilson, Elser, Moskowitz, Edelman & Dicker*, 56 AD3d 1, 8 [2008]; *Weil, Gotshal & Manges, LLP v Fashion Boutique of Short Hills, Inc.*, 10 AD3d 267 [2004]).

Nor is the defense of the attorney judgment rule available to defendants on this record. Defendants have offered no reasonable strategic explanation for the failure to introduce arguably exculpatory evidence.

The breach of fiduciary duty cause of action is not duplicative of the malpractice cause of action since it is asserted against Curtin in his capacity as a corporate director, not as an attorney. Concur—Gonzalez, P.J., Tom, Acosta, Richter and Román, JJ.