Second Department, November, 2012

(November 7, 2012)

■ Paul Ackerman, Respondent, v Stephen E. Kesselman et al., Appellants, et al., Defendant. [954 NYS2d 103]—

In an action to recover damages for legal malpractice and breach of contract, the defendants Stephen E. Kesselman and Ruskin Moscou Faltischek, P.C., appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Ambrosio, J.), dated October 26, 2009, as denied their motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

In this action, the plaintiff, Paul Ackerman, seeks to recover damages for legal malpractice and breach of contract for the defendants' allegedly negligent representation of him in an

underlying action to recover damages for breach of contract and fraud. The underlying action was commenced by a former employee against Ackerman and a medical practice, North Star Medical, PLLC (hereinafter North Star), of which he was the managing director. The defendants Stephen E. Kesselman and Ruskin Moscou Faltischek, P.C. (hereinafter together the appellants), who represented Ackerman and North Star in the underlying action, informed counsel for the plaintiff in that action that, pursuant to an employment agreement entered into between that plaintiff and North Star, any dispute was subject to binding arbitration. Thereafter, the underlying action was discontinued and the matter proceeded to arbitration against both Ackerman and North Star. An arbitration award was rendered against Ackerman and North Star, and confirmed by the Supreme Court, Kings County, where judgment was entered against Ackerman and North Star.

Ackerman thereafter commenced this action, alleging that the appellants negligently failed to move to stay and dismiss the arbitration as to himself personally, and that but for this negligence, he would not have been personally subject to arbitration or the resulting judgment since he was not a party to the employment contract that was the basis for the award. The appellants moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them on the ground that it failed to state a cause of action. The Supreme Court properly denied the motion.

"To state a cause of action to recover damages for legal malpractice, a plaintiff must allege: (1) that the attorney 'failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession,' and (2) that the attorney's breach of the duty proximately caused the plaintiff actual and ascertainable damages" (*Dempster v Liotti*, 86 AD3d 169, 176 [2011], quoting *Leder v Spiegel*, 9 NY3d 836, 837 [2007], *cert denied sub nom. Spiegel v Rowland*, 552 US 1257 [2008]). On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the complaint a liberal construction, accept all facts as alleged in the complaint to be true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Reichenbaum v Cilmi*, 64 AD3d 693, 694 [2009]). Here, the complaint states a cause of action to recover damages for legal malpractice insofar as asserted against the appellants.

The appellants do not contend that Ackerman would not have

prevailed on a timely motion to stay the underlying arbitration (*see Lefkowitz v Lurie*, 253 AD2d 855, 856 [1998]). Rather, the appellants assert that the claim of legal malpractice fails to state a cause of action because it constitutes an impermissible attack on their strategic *choice* of forum, i.e., arbitration rather than the Supreme Court. They maintain that this strategic choice is protected by the attorney judgment rule.

Under the attorney judgment rule, an attorney's "selection of one among several reasonable courses of action does not constitute malpractice" (*Rosner v Paley*, 65 NY2d 736, 738 [1985]; *see Bua v Purcell & Ingrao, P.C.*, 99 AD3d 843 [2012]). To establish entitlement to the protection of the attorney judgment rule, an attorney must offer a "reasonable strategic explanation" for the alleged negligence (*Pillard v Goodman*, 82 AD3d 541, 542 [2011]). The appellants have failed to do so.

The opinion and award in the underlying arbitration proceeding reveals that the only issue brought before and considered by the arbitrator was whether a breach of contract occurred. Ackerman was not a party to the contract at issue in the arbitration. Accordingly, as the Supreme Court noted in its order confirming the arbitration award, unless the veil of North Star, a party to the employment agreement, was pierced so as to implicate Ackerman personally for the breach of contract, Ackerman had no personal liability under the contract (*see e.g. Campone v Pisciotta Servs., Inc.*, 87 AD3d 1104, 1105 [2011]). Thus, the complaint sufficiently alleged that there was no apparent strategic reason for making Ackerman individually a party to the arbitration, which exposed him to personal liability for North Star's breach of contract.

The appellants' contentions regarding the viability of the cause of action sounding in breach of contract are not properly before this Court, as they did not raise them in their motion before the Supreme Court (*see Ocean View Realty Co. v Ziss*, 90 AD3d 872, 873 [2011]; *Nationwide Ins. Co. v New York Lighter Co., Inc.*, 68 AD3d 950, 952 [2009]; *Matter of Bart v Miller*, 302 AD2d 379, 380 [2003]; *Sandoval v Juodzevich*, 293 AD2d 595 [2002]).

Accordingly, the Supreme Court properly denied the appellants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them. Rivera, J.P., Dickerson, Hall and Miller, JJ., concur.