■ LEON PETROLEUM, LLC, et al., Appellants, v CARL S. LEVINE & ASSOCIATES, P.C., Also Known as CSL HOLDINGS, INC., et al., Respondents. [996 NYS2d 139]—

In an action to recover damages for legal malpractice, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Martin, J.), dated December 5, 2012, which granted the defendants' motion for summary judgment dismissing the complaint and denied the defendants' motion in limine to preclude certain testimony at trial as academic, rather than on the merits.

Ordered that the appeal from so much of the order as denied the defendants' motion in limine to preclude certain testimony at trial is dismissed, as the plaintiffs are not aggrieved by that portion of the order (*see* CPLR 5511) and because that portion of the order appealed from is an evidentiary ruling, which is neither appealable as of right nor by permission (*see Curtis v Fishkill Allsport Fitness & Racquetball Club*, 2 AD3d 768 [2003]); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

To establish a cause of action alleging legal malpractice, a plaintiff must show that the attorney failed to exercise the care, skill, and diligence commonly possessed and exercised by a member of the legal profession, and that such negligence was a proximate cause of the actual damages sustained (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]; *Frederick v Meighan*, 75 AD3d 528, 531 [2010]). Under the attorney judgment rule, ''selection of one among several

reasonable courses of action does not constitute malpractice" (*Rosner v Paley*, 65 NY2d 736, 738 [1985]; *see Ackerman v Kesselman*, 100 AD3d 577 [2012]; *Bua v Purcell & Ingrao, P.C.*, 99 AD3d 843, 847 [2012]). "To establish entitlement to the protection of the attorney judgment rule, an attorney must offer a 'reasonable strategic explanation' for the alleged negligence" (*Ackerman v Kesselman*, 100 AD3d at 579, quoting *Pillard v Goodman*, 82 AD3d 541, 542 [2011]). "To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d at 442; *see Blanco v Polanco*, 116 AD3d 892, 894 [2014]).

Here, the defendants established their entitlement to judgment as a matter of law by demonstrating that the failure to draft clear, specific, and unambiguous language in an agreement for the purchase of assets, so as to provide that the subject assets included certain unpaid condemnation awards, was a reasonable strategic decision taken to avoid an increase in the purchase price, and that the drafting of more specific language would not have resulted in the inclusion of the condemnation awards in the sale without an increase in the purchase price. In opposition, the plaintiffs failed to raise a triable issue of fact with respect to either element of the legal malpractice cause of action (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). "A 'mere hope' . . . 'that somehow or other on cross examination credibility of a witness . . . can be put in issue is not sufficient to resist a motion for summary judgment' " (*Trails W. v Wolff*, 32 NY2d 207, 221 [1973], quoting *Hurley v Northwest Publs., Inc.*, 273 F Supp 967, 974 [D Minn 1967], *affd* 398 F2d 346 [8th Cir 1968]; *see Angeles v Goldhirsch*, 268 AD2d 217 [2000]). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint (*see Rodriguez v Lipsig, Shapey, Manus & Moverman, P.C.*, 81 AD3d 551, 552 [2011]; *Noone v Stieglitz*, 59 AD3d 505, 507 [2009]).

The plaintiffs are not aggrieved by the denial of the defendants' motion in limine (*see* CPLR 5511; *Mixon v TBV, Inc.*, 76 AD3d 144, 156-157 [2010]; *Quality King Distribs. v Arvin*, 228 AD2d 658, 659 [1996]). In addition, the portion of the order denying the defendants' motion in limine is an evidentiary ruling. Such a ruling, even when made "in advance of trial on motion papers constitutes, at best, an advisory opinion which is neither appealable as of right nor by permission" (*Chateau Rive Corp. v Enclave Dev. Assoc.*, 283 AD2d 537, 537 [2001]; *see*

*Curtis v Fishkill Allsport Fitness & Racquetball Club*, 2 AD3d 768, 768 [2003]). For both of these reasons, that portion of the appeal must be dismissed. Chambers, J.P., Sgroi, Miller and Barros, JJ., concur. **[Prior Case History: 2012 NY Slip Op 32913(U).]**