■ A. ROBERT TANTLEFF, M.D., et al., Appellants, v KESTEN-BAUM & MARK et al., Respondents. (And a Third-Party Action.) [15 NYS3d 840]—

In an action to recover damages for legal malpractice, the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated February 13, 2013, as made certain findings of fact and conclusions of law, and (2) from an order of the same court dated June 27, 2013, which granted the defendants' renewed motion for summary judgment dismissing the complaint.

Ordered that the appeal from the order dated February 13, 2013, is dismissed; and it is further,

Ordered that the order dated June 27, 2013, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the order dated February 13, 2013, must be dismissed since "findings of fact and conclusions of law which do not grant or deny relief are not independently appealable" (*Glassman v ProHealth Ambulatory Surgery Ctr., Inc.*, 96 AD3d 801, 801 [2012]; *see Mixon v TBV, Inc.*, 76 AD3d 144 [2010]). "Merely because the order appealed from contains language or reasoning that a party deems adverse to its interests does not furnish 'a basis for standing to take an appeal' " (*Castaldi v 39 Winfield Assoc., LLC*, 22 AD3d 780, 781 [2005], quoting *Pennsylvania Gen. Ins. Co. v Austin Powder Co.*, 68 NY2d 465, 472-473 [1986]; *see George Tsunis Real Estate, Inc. v Benedict*, 116 AD3d 1002 [2014]; *Spielman v Mehraban*, 105 AD3d 943 [2013]; *Schlecker v Yorktown Elec. & Light. Distribs., Inc.*, 94 AD3d 855 [2012]).

The plaintiffs commenced this action alleging that the defendants committed legal malpractice in their representation of the plaintiffs before the Internal Revenue Service (hereinafter IRS). In an order dated June 27, 2013, the Supreme Court granted the defendants' renewed motion for summary judgment dismissing the complaint. We affirm.

"A legal malpractice claim accrues when all the facts necessary to the cause of action have occurred and an injured party can obtain relief in court. In most cases, this accrual time is measured from the day an actionable injury occurs, even if the aggrieved party is then ignorant of the wrong or injury. What is important is when the malpractice was committed, not when the client discovered it" (*McCoy v Feinman*, 99 NY2d 295, 301 [2002] [internal quotation marks and citations omitted]).

The three-year limitations period applicable to causes of action to recover damages for legal malpractice (*see* CPLR 214 [6]) may be tolled by the continuous representation doctrine where " 'there is a mutual understanding of the need for further representation on the specific subject matter underlying the malpractice claim' " (*Alizio v Ruskin Moscou Faltischek, P.C.*, 126 AD3d 733, 735 [2015], quoting *McCoy v Feinman*, 99 NY2d at 306). "For the doctrine to apply, there must be clear indicia of an ongoing, continuous, developing, and dependent relationship between the client and the attorney. One of the predicates for the application of the doctrine is continuing trust and confidence in the relationship between the parties" (*Beroza v Sallah Law Firm, P.C.*, 126 AD3d 742, 743 [2015] [internal quotation marks and citations omitted]; *see Zorn v Gilbert*, 8 NY3d 933, 934 [2007]; *Singh v Edelstein*, 103 AD3d 873, 874 [2013]). "It requires more than a continuing, general, professional relationship; it 'tolls the [s]tatute of [l]imitations only

where the continuing representation pertains specifically to the matter in which the attorney committed the alleged malpractice' " (*Deep v Boies*, 121 AD3d 1316, 1318-1319 [2014], quoting *Shumsky v Eisenstein*, 96 NY2d 164, 168 [2001]). "The essence of a continuous representation toll is the client's confidence in the attorney's ability and good faith, such that the client cannot be expected to question and assess the techniques employed or the manner in which the services are rendered" (*Farage v Ehrenberg*, 124 AD3d 159, 167-168 [2014], citing *Shumsky v Eisenstein*, 96 NY2d at 167 [2014]; *Glamm v Allen*, 57 NY2d 87, 93-94 [1982]; *Greene v Greene*, 56 NY2d 86, 94 [1982]). "What constitutes a loss of client confidence is fact specific, varying from case to case, but may be demonstrated by relevant documentary evidence involving the parties, or by the client's actions" (*Farage v Ehrenberg*, 124 AD3d at 167-168).

Here, the cause of action to recover damages for legal malpractice accrued on October 3, 2001, when the plaintiffs, upon the defendants' recommendation, executed IRS Form 4549-CG consenting to an assessment of over $1.5 million in tax liability as well as civil fraud and negligence penalties (hereinafter the consent agreement) (*see Landow v Snow Becker Krauss, P.C.*, 111 AD3d 795 [2013]; *Weiss v Deloitte & Touche, LLP*, 63 AD3d 1045 [2009]). Based on that accrual date, the applicable three-year statute of limitations would have expired on October 3, 2004, approximately two years prior to the commencement of this action on September 15, 2006. However, it is undisputed that, pursuant to the doctrine of continuous representation, the three-year statute of limitations pertaining to the defendants' alleged legal malpractice in October 2001 was tolled during the time period when the defendants continued to represent the plaintiffs before the IRS on the specific subject matter underlying the malpractice claim. Consequently, at issue is when that representation and tolling ceased and the three-year statute of limitations period began (*see Alizio v Ruskin Moscou Faltischek, P.C.*, 126 AD3d at 735).

The defendants established their prima facie entitlement to judgment as a matter of law dismissing this action as time-barred upon proof demonstrating that the representation and the tolling stopped, and the three-year statute of limitations period began, on August 25, 2003, following which no further legal representation was undertaken by the defendants with respect to the consent agreement (*see Alizio v Ruskin Moscou Faltischek, P.C.*, 126 AD3d at 736; *Farage v Ehrenberg*, 124 AD3d at 166; *Landow v Snow Becker Krauss, P.C.*, 111 AD3d at

796-797). Upon that showing, the burden then shifted to the plaintiffs to raise a triable issue of fact as to whether the tolling ceased on or after September 15, 2003, such that this action alleging legal malpractice was timely commenced (*see Alizio v Ruskin Moscou Faltischek, P.C.*, 126 AD3d at 736). However, even when viewing the evidence submitted in opposition in a light most favorable to the plaintiffs, it was insufficient to raise a triable issue of fact (*see Beroza v Sallah Law Firm, P.C.*, 126 AD3d at 743; *Alizio v Ruskin Moscou Faltischek, P.C.*, 126 AD3d at 736; *Farage v Ehrenberg*, 124 AD3d at 167; *Landow v Snow Becker Krauss, P.C.*, 111 AD3d at 797; *cf. Ortiz v Allyn, Hausner & Montanile, LLP*, 18 Misc 3d 34 [2007]).

The plaintiffs' contention that the issue of whether this action is barred by the statute of limitations was previously determined in a prior order, which became law of the case, is raised for the first time on appeal (*see Cohen v Ho*, 38 AD3d 705 [2007]) and, in any event, is without merit (*see Vinar v Litman*, 110 AD3d 867 [2013]; *Alaimo v Mongelli*, 93 AD3d 742 [2012]; *North Fork Preserve, Inc. v Kaplan*, 68 AD3d 732 [2009]; *Auffermann v Distl*, 56 AD3d 502 [2008]; *McIvor v Di Benedetto*, 121 AD2d 519 [1986]; *see also Meekins v Town of Riverhead*, 20 AD3d 399 [2005]; *McNeil v Wagner Coll.*, 246 AD2d 516 [1998]).

In any event, even if this action were timely commenced, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that their recommendation that the plaintiffs execute the consent agreement was a reasonable strategic decision (*see Leon Petroleum, LLC v Carl S. Levine & Assoc., P.C.*, 122 AD3d 686 [2014]; *Keeley v Tracy*, 301 AD2d 502 [2003]; *Hart v Carro, Spanbock, Kaster & Cuiffo*, 211 AD2d 617 [1995]). Furthermore, the defendants demonstrated that the recommendation was made after extensive discussions with the plaintiffs, who agreed to the course of action (*see Noone v Stieglitz*, 59 AD3d 505 [2009]; *Holschauer v Fisher*, 5 AD3d 553 [2004]; *cf. Estate of Nevelson v Carro, Spanbock, Kaster & Cuiffo*, 259 AD2d 282 [1999]). In opposition, the plaintiffs offered no evidence to raise a triable issue of fact as to whether the recommendation "was an unreasonable course of action that constituted legal malpractice" (*Keeley v Tracy*, 301 AD2d at 503; *see Leon Petroleum, LLC v Carl S. Levine & Assoc., P.C.*, 122 AD3d at 687). The plaintiffs' claims amounted to nothing more than their present dissatisfaction with the defendants' strategic choice and thus, did not support a malpractice claim as a matter of law (*see Pere v St. Onge*, 15 AD3d 465, 466 [2005]; *Zarin v Reid & Priest*, 184 AD2d 385, 385 [1992]).

The plaintiffs' remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the defendants' renewed motion for summary judgment dismissing the complaint. Mastro, J.P., Austin, Roman and Sgroi, JJ., concur.