■ NYCTL 2011-A Trust et al., Appellants, v Master Sheet Co., Inc., et al., Respondents. [54 NYS3d 422]—

In an action to foreclose a real property tax lien, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated October 3, 2014, as, upon granting their motion, in effect, for leave to enter a judgment, with an order of reference, upon the failure of the defendants to appear or answer, made certain findings of fact and conclusions of law.

Ordered that the appeal from the order is dismissed, without costs or disbursements, as the appellants are not aggrieved by the order appealed from (see CPLR 5511; *Mixon v TBV, Inc.*, 76 AD3d 144 [2010]).

In this action to foreclose a real property tax lien, the plaintiffs moved, in effect, for leave to enter a judgment against the defendants, with an order of reference, upon the failure of the defendants to appear or answer. The plaintiffs established their prima facie entitlement to judgment as a matter of law by submitting the subject tax lien certificate, which was presumptive evidence of a valid and enforceable lien, and proof that the defendants had made no payments on the tax lien (see Administrative Code of City of NY § 11-336; *NYCTL 2008-A Trust v Lee Zhen Xiang*, 121 AD3d 1062, 1063 [2014]; *NYCTL 2009-A Trust v Tsafatinos*, 101 AD3d 1092, 1093 [2012]; *NYCTL 1998-2 Trustee v 2388 Nostrand Corp.*, 69 AD3d 594, 595 [2010]). The defendants never joined issue and did not oppose the motion. Thus, the Supreme Court properly granted the plaintiffs' motion, in effect, for leave to enter a judgment of foreclosure on the subject tax lien, as well as an order of reference.

Inasmuch as the Supreme Court granted the plaintiffs' motion, they are not aggrieved by the order appealed from (see CPLR 5511; *Mixon v TBV, Inc.*, 76 AD3d 144 [2010]). On appeal, their sole contention relates to handwritten language on the order, which is not part of any decretal paragraph. The first part of the notation states that "[t]his order of Reference does not validate the lien, it just computes the amount." However, "findings of fact and conclusions of law which do not grant or deny relief are not independently appealable" (*Glassman v ProHealth Ambulatory Surgery Ctr., Inc.*, 96 AD3d 801, 801 [2012]; see *Tantleff v Kestenbaum & Mark*, 131 AD3d 955, 956 [2015]). "Merely because the order appealed from contains language or reasoning that a party deems adverse to its interests does not furnish 'a basis for standing to take an appeal'" (*Castaldi v 39 Winfield Assoc., LLC*, 22 AD3d 780, 781 [2005], quoting *Pennsylvania Gen. Ins. Co. v Austin Powder Co.*, 68 NY2d 465, 472-473 [1986]; see *Tantleff v Kestenbaum &*

*Mark*, 131 AD3d at 956; *George Tsunis Real Estate, Inc. v Benedict*, 116 AD3d 1002, 1003 [2014]). The second part of the notation challenged by the plaintiffs states that the order is "without prejudice to a dispute with the NYC Health Department" as to the amount of the lien. The plaintiffs are not aggrieved by this language, since "any dispute as to the amount of the lien may be resolved after a reference pursuant to RPAPL 1321" (*NYCTL 1999-1 Trust v Stark*, 21 AD3d 402, 403 [2005]; *see NYCTL 2009-A Trust v Tsafatinos*, 101 AD3d at 1093).

Accordingly, the appeal must be dismissed. Rivera, J.P., Balkin, Chambers and Cohen, JJ., concur.