■ CHAD MARION, an Infant, by His Parent and Natural Guardian, KENYA MARION, et al., Appellants, v CITY OF NEW YORK, Defendant/Third-Party Plaintiff-Respondent, and CHARLES SMITH, Appellant. MTA BUS COMPANY, Defendant/Third-Party Defendant-Respondent. [60 NYS3d 289]—

Appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), dated February 20, 2014. The order granted that branch of the motion of the defendant third-party defendant MTA Bus Company which was for summary judgment dismissing the third-party complaint and, in effect, denied as academic those branches of the motion of the defendant third-party defendant MTA Bus Company which were for summary judgment dismissing the amended verified complaint and all cross claims insofar as asserted against it.

Ordered that the appeals are dismissed, without costs or disbursements.

On January 12, 2010, the plaintiff Chad Marion (hereinafter the injured plaintiff) allegedly was struck by a vehicle driven

by the defendant Charles Smith while attempting to cross a street after having alighted from a bus operated by the defendant MTA Bus Company (hereinafter MTA). The injured plaintiff, and his mother suing derivatively, commenced this action to recover damages for personal injuries against, among others, Smith, MTA, and the City of New York. The plaintiffs alleged, inter alia, that the accident was caused by the negligent placement of a bus stop near a pedestrian crosswalk, which caused buses to stop within the boundaries of the crosswalk, preventing drivers from seeing pedestrians in the crosswalk.

By order dated February 28, 2011, the Supreme Court, inter alia, granted that branch of MTA's motion which was to dismiss the complaint insofar as asserted against it based upon Public Authorities Law § 1276, and granted the City's cross motion to convert its cross claim against MTA into a third-party action. The plaintiffs subsequently filed a supplemental summons and amended verified complaint, naming MTA as a defendant, and MTA stipulated to, inter alia, accept service of the amended verified complaint. On May 18, 2011, MTA interposed its answer to the amended verified complaint and asserted cross claims against, among others, the City and Smith. On May 27, 2011, the City interposed its answer to the amended verified complaint and asserted cross claims against, among others, MTA and Smith. On or about August 17, 2011, Smith interposed his answer to the amended verified complaint and asserted cross claims against, among others, the City and MTA.

MTA then moved for summary judgment dismissing the amended verified complaint and all cross claims insofar as asserted against it, and for summary judgment dismissing the third-party complaint. In the order appealed from, the Supreme Court granted that branch of MTA's motion which was for summary judgment dismissing the third-party complaint, but determined that the remaining branches of its motion were "moot." The court, which apparently was unaware that MTA interposed an answer to the amended verified complaint, indicated that MTA was not a defendant in the main action. The plaintiffs and Smith separately appeal from the order.

The plaintiffs and Smith are not aggrieved by that portion of the order which granted that branch of MTA's motion which was for summary judgment dismissing the third-party complaint (see CPLR 5511; *Marricco v Best Plumbing Supply, Inc.*, 125 AD3d 826, 827 [2015]; *Mixon v TBV, Inc.*, 76 AD3d 144 [2010]). The plaintiffs and Smith are also not aggrieved by the portion of the order which, in effect, denied as "moot" those

branches of MTA's motion which were for summary judgment dismissing the amended verified complaint and all cross claims insofar as asserted against it (see CPLR 5511). Contrary to the contention of the plaintiffs and Smith, the Supreme Court's mistaken conclusion that MTA was not a defendant in the main action did not amount to a determination directing the dismissal of the amended verified complaint against MTA. Moreover, the court's conclusion that MTA is not a defendant in the main action is not separately appealable, since such conclusion did not grant or deny any relief (see *NYCTL 2011-A Trust v Master Sheet Co., Inc.*, 150 AD3d 755 [2017]).

Accordingly, the appeals must be dismissed. Leventhal, J.P., Barros, Connolly and Brathwaite Nelson, JJ., concur.