Pennini v Shooting Stars (2020 NY Slip Op 07209)





Pennini v Shooting Stars


2020 NY Slip Op 07209


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2018-05547
 (Index No. 70329/12)

[*1]Erika Pennini, etc., et al., appellants, 
v
Shooting Stars, et al., defendants, Candace Anne Muñoz, defendant third-party plaintiff-respondent; Town of Mount Pleasant, third-party defendant-respondent.


Hausner & Montanile, PLLC, New York, NY (Joseph A. Montanile of counsel), for appellants.
Morris Duffy Alonso & Faley, New York, NY (Iryna S. Krauchanka and Kevin G. Faley of counsel), for third-party defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Sam D. Walker, J.), dated March 30, 2018. The order granted the third-party defendant's motion for summary judgment dismissing the third-party complaint and the complaint.
ORDERED that the appeal from so much of the order as granted that branch of the third-party defendant's motion which was for summary judgment dismissing the third-party complaint is dismissed, without costs or disbursements; and it is further,
ORDERED that the order is reversed insofar as reviewed, on the law,without costs or disbursements, and that branch of the third-party defendant's motion which was for summary judgment dismissing the complaint is denied.
In March 2007, the infant plaintiff, Erika Pennini, then 10 years old, allegedly sustained personal injuries while participating in a cheerleading course run by the defendants Candace Anne Muñoz and Luis Alexander Muñoz, in a facility operated by the third-party defendant, Town of Mount Pleasant. In December 2012, Erika, by her mother, the plaintiff Marisa Ann Pennini, and Marisa Ann Pennini, individually, commenced this action against the defendants. The defendants defaulted in answering the complaint. In June 2014, the Supreme Court granted the plaintiffs' motion for leave to enter a default judgment against the defendants. The defendants then moved to vacate the default judgment, and that motion was denied by the court in January 2015. In February 2015, the defendant third-party plaintiff, Candace Anne Muñoz, commenced a third-party action against the Town, alleging, inter alia, that the Town was vicariously liable for her in her capacity as the Town's employee. The Town moved for summary judgment dismissing the third-party complaint against it, and dismissing the complaint against the defendants. In an order dated March 30, 2018, the court granted the Town's motion, and directed dismissal of both the third-party complaint and the complaint. The plaintiffs appeal.
The plaintiffs are not aggrieved by the portion of the order which granted that branch of the Town's motion which was for summary judgment dismissing the third-party complaint (see CPLR 5511; Marion v City of New York, 153 AD3d 691; Ahrorgulova v Mann, 108 AD3d 581). Therefore, we dismiss the plaintiffs' appeal from the portion of the order granting that branch of the Town's motion.
Given that the defendant third-party plaintiff, Candace Anne Muñoz, had not interposed an answer to the complaint, and that the plaintiffs had been awarded a default judgment against the defendants in the main action, the third-party defendant was not entitled to an order dismissing the plaintiffs' complaint (see CPLR 1007, 1008).
BALKIN, J.P., ROMAN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court