NYCTL 1998-2 Trust v Bethelite Community Baptist Church (2021 NY Slip Op 01333)





NYCTL 1998-2 Trust v Bethelite Community Baptist Church


2021 NY Slip Op 01333


Decided on March 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 04, 2021

Before: Kern, J.P., Oing, Singh, Moulton, JJ. 


Index No. 113197/09 Appeal No. 13252-13252A Case No. 2019-04107, 2020-03530 

[*1]NYCTL 1998-2 Trust et al., Plaintiffs-Respondents,
v
Bethelite Community Baptist Church Also Known as Bethelite, Defendant-Appellant, Atlah Worldwide Missionary Church et al., Defendants.


The Law Offices of Michael T. Sucher, Brooklyn (Michael T. Sucher of counsel), for appellant.
Phillips Lytle LLP, Rochester (Julia J. Henrichs of counsel), for respondents.



Order and judgment (one paper), Supreme Court, New York County (Arlene P. Bluth, J.), entered February 19, 2020, which, inter alia, granted plaintiffs' motion to confirm the Referee's report, and ordered a foreclosure and sale of the encumbered property, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered June 19, 2019, which, inter alia, granted plaintiffs' motion for summary judgment, unanimously dismissed, without costs, as subsumed in the appeal from the order and judgment.
In this action to foreclose on a tax lien levied against property located at 36-38 West 123rd Street, plaintiffs established their prima facie entitlement to judgment as a matter of law by submitting the tax lien certificate, which is presumptive evidence of a valid and enforceable lien, proof of assignments establishing plaintiffs' standing, and proof that defendant made no payments on the tax lien (see Administrative Code of City of NY § 11-336; NYCTL 1996-1 Trust v Railroad Maintenance Corp., 266 AD2d 39 [1st Dept 1999], lv dismissed 94 NY2d 899 [2000]; NYCTL 2011-A Trust v Master Sheet Co., Inc., 150 AD3d 755, 756 [2d Dept 2017]). Further, the court properly granted plaintiffs' motion for an order and judgment confirming the Referee's report and for leave to enter a judgment of foreclosure on the tax lien. Defendant was not prejudiced by any error in failing to hold a hearing, because it had an opportunity to raise questions and submit evidence that could be considered by Supreme Court in determining whether to confirm the Referee's report (see Bank of N.Y. Mellon v Viola, 181 AD3d 767 [2d Dept 2020]; Excel Capital Group Corp. v 225 Ross St. Realty, Inc., 165 AD3d 1233, 1236 [2d Dept 2018]). In opposing plaintiffs' motion to confirm the Referee's report, defendant did not argue that the interest rate on the tax lien should be nine percent per annum. Therefore, there is no basis to disturb the court's decision.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 4, 2021