Allen v Thompson (2024 NY Slip Op 00929)

Allen v Thompson

2024 NY Slip Op 00929

Decided on February 22, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 22, 2024

Before: Oing, J.P., Kapnick, Kennedy, Mendez, Higgitt, JJ. 

Index No. 160342/20 Appeal No. 1717 Case No. 2022-05564 

[*1]Anu Allen, Plaintiff-Respondent,
v
Christopher Thompson, Esq., Defendant-Appellant.

Christopher Thompson, West Islip, appellant pro se.
Ballon Stoll P.C., New York (Steven Balken of counsel), for respondent.

Order, Supreme Court, New York County (Sabrina Kraus, J.), entered May 13, 2022, which, insofar as appealed from, denied defendant's motion to dismiss plaintiff's first (legal malpractice) and second (breach of contract) causes of action, and denied his motion to reargue as moot, unanimously affirmed, without costs.
In this case, plaintiff alleges that on or about February 28, 2012, she was terminated from Chanel after nineteen years of employment. She was not satisfied with the severance package offered and believed that her employment was terminated on the basis of discrimination. Plaintiff thus consulted with defendant to negotiate a more favorable separation and release agreement (the Agreement) from Chanel that would still permit her to retain her legal right to move forward on her discrimination claims.
After a few weeks of negotiation, defendant received the final draft of the Agreement from Chanel which contained language that included a release from any discrimination claims. Unbeknownst to plaintiff at the time, defendant unilaterally and without plaintiff's consent, changed one word in the Agreement so that plaintiff would be released from all of her rights as part of the settlement, except for any right arising under Title VII, the New York State Human Rights Law and the New York City Human Rights Law, thereby allowing plaintiff to still file a lawsuit under these statutes. Plaintiff was instructed by defendant to initial each page of the release and sign it, which she did.
On or about April 15, 2012, plaintiff received her first severance check. Subsequently, on or about September 6, 2012, defendant filed a discrimination lawsuit on plaintiff's behalf in the United States District Court for the Southern District of New York (Allen v Chanel, Inc., et al., 12-cv-6758 (LAP). Chanel's motion to dismiss was denied on the grounds that plaintiff had not knowingly or voluntarily waived any of her rights to file a discrimination lawsuit against Chanel.
On or about December 3, 2012, defendant emailed to plaintiff an affidavit that he had prepared and instructed plaintiff to sign, that stated that plaintiff herself, not defendant was responsible for modifying the Agreement.
On or about June 18, 2013, Chanel filed a counterclaim in the Federal action alleging that plaintiff knowingly and fraudulently misrepresented the severance agreement to Chanel and demanded that they be reimbursed the amount already paid in severance to plaintiff as well as for the costs of defending the discrimination lawsuit. Chanel then filed a motion for summary judgment on its counterclaim as well as on the discrimination claims, which was granted on or about November 13, 2014, and Chanel was awarded damages.
Plaintiff further alleges that she expressed to defendant the importance of having the discrimination suit sealed upon completion, as it would harm her job and career opportunities. She was continuously assured by defendant that he would make sure it was sealed [*2]and there was nothing to worry about. However, this was never done.
On or about November 30, 2020, plaintiff filed the instant action.
The first judge who handled defendants' motion to dismiss issued an Interim Order setting the matter down for a traverse hearing to determine whether the summons and complaint were properly served. After the testimony of the process server, the defendant conceded that service was proper, and the motion court determined that the "traverse [was] overruled." The balance of the grounds upon which the motion to dismiss was made were never addressed by the first motion court.
The defendant then moved for an order to reargue the original decision to the extent it did not consider those portions of his motion seeking dismissal pursuant to CPLR 3211 (a)(1), (5) and (7) dismissing plaintiff's first cause of action for legal malpractice, second cause of action for breach of fiduciary duty, third cause of action for breach of contract, or alternatively, extending defendant's time to respond to the complaint. Since none of these issues were decided the first time around, it was not error for Justice Kraus to decide the motion to dismiss on the other grounds raised by defendant on the merits as well as to determine that so doing rendered the motion to reargue moot (Poland v B. & N. Cab Corp., 51 AD2d 692 [1st Dept 1976]).
On the merits, the complaint sufficiently states a claim for legal malpractice. Defendant fails to offer a reasonable explanation as to how changing a word in the release entered into between his client and her former employer, which substantially changed the meaning of the contractual provisions, or suborning his client's perjury in the related Federal discrimination action, constitute reasonable strategic choices (cf. Leon Petroleum, LLC v Carl S. Levine & Assoc., P.C., 122 AD3d 686, 687 [2d Dept 2014]). Plaintiff also sufficiently pleaded causation by asserting that defendant's failure to seal the file in the federal action damaged her job-hunting efforts for new employment. While plaintiff did not identify specific lost employment opportunities on this basis, she did allege specifically that she was told this was the case by recruiters. At the pleading stage, this is sufficient (see Gotay v Breitbart, 14 AD3d 452, 454 [1st Dept 2005]).
Moreover, the claims were not barred by the statute of limitations, which was tolled by both executive order (9 NYCRR 8.202.8), as extended, and the continuous representation doctrine (Murphy v Harris, 210 AD3d 410, 411 [1st Dept 2022]).
Defendant's contention that plaintiff's prior affidavit in the Federal action constituted documentary evidence sufficient to dispositively refute her claims was properly rejected. The affidavit does not constitute documentary evidence under CPLR 3211(a)(1) (Mamoon v Dot Net Inc., 135 AD3d 656, 657 [1st Dept 2016]), nor does the affidavit utterly refute the claims.
Plaintiff's contract claims were not barred by the statute of frauds [*3](General Obligations Law § 5-701). Indeed, defendant fails to cite any provision of that statute that applies to the instant agreement for legal representation.
Nor is this action barred by any collateral estoppel effect of plaintiff's revised settlement agreement with her employer in the underlying matter. The issues here,
defendant's breaches of duty, were not at issue in that matter (see Weiss v Manfredi, 83
NY2d 974, 976-977 [1994]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 22, 2024