■ RBE NORTHERN FUNDING, INC., Respondent, v STONE MOUNTAIN HOLDINGS, LLC, et al., Defendants, and ELIYAHU SPITZER, Also Known as ELLIOTT SPITZER, et al., Appellants. [911 NYS2d 115]—

In an action, inter alia, to recover damages for fraud and breach of contract, the defendants Eliyahu Spitzer, also known as Elliott Spitzer, and Morris Michael Steinberg, also known as Michael Steinberg, appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Iannacci, J.), entered August 19, 2009, as denied their motion pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint insofar as asserted against them, and the defendants Abraham Kahan and Odyssey Funding, Inc., separately appeal, as limited by their brief, from so much of the same order as denied their motion pursuant to CPLR 3211 (a) (7) to dismiss the third and fourth causes of action in the amended complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

In 2008 the plaintiff commenced this action, asserting several causes of action based on the grounds that the defendants had made misrepresentations and committed fraud in the course of a $400,500 mortgage loan transaction which occurred one year earlier. Prior to answering the complaint, the defendants Abraham Kahan and Odyssey Funding, Inc. (hereinafter together Kahan/Odyssey), moved pursuant to CPLR 3211 (a) (7) to dismiss the third and fourth causes of action in the amended complaint insofar as asserted against them. The defendants Eliyahu Spitzer, also known as Elliott Spitzer, and Morris Michael Steinberg, also known as Michael Steinberg (hereinafter together Spitzer/Steinberg), moved pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint insofar as asserted against them. In the order appealed from, the Supreme Court denied both motions. We affirm.

"Upon a motion to dismiss, the sole criterion is whether the subject pleading states a cause of action, and if, from the four corners of the complaint, factual allegations are discerned which, taken together, manifest any cause of action cognizable at law, then the motion will fail" (*Maurillo v Park Slope U-Haul*, 194 AD2d 142, 145 [1993]; *see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). Upon a motion to dismiss for failure to state a cause of action, "the court must afford the pleading a

liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Breytman v Olinville Realty, LLC*, 54 AD3d 703, 703-704 [2008]; *see Morales v AMS Mtge. Servs., Inc.*, 69 AD3d 691, 692 [2010]).

With respect to the Spitzer/Steinberg motion, the Supreme Court properly determined that the plaintiff stated a cause of action against those defendants to recover damages for fraud. The essential elements of a fraud claim are misrepresentation of a material fact, falsity, scienter, reliance, and injury (*see Barclay Arms v Barclay Arms Assoc.*, 74 NY2d 644, 647 [1989]; *Morales v AMS Mtge. Servs., Inc.*, 69 AD3d at 692). "To maintain an action based on fraudulent representations . . . in tort for damages, it is sufficient to show that the defendant knowingly uttered a falsehood intending to deprive the plaintiff of a benefit and that the plaintiff was thereby deceived and damaged" (*Channel Master Corp. v Aluminium Ltd. Sales*, 4 NY2d 403, 406-407 [1958]; *see Amalfitano v Rosenberg*, 12 NY3d 8, 11 [2009]). CPLR 3016 (b), which provides that the circumstances constituting fraud "shall be stated in detail," "requires only that the misconduct complained of be set forth in sufficient detail to clearly inform a defendant with respect to the incidents complained of" (*Lanzi v Brooks*, 43 NY2d 778, 780 [1977]; *see Pike v New York Life Ins. Co.*, 72 AD3d 1043, 1050 [2010]). In the amended complaint here, the plaintiff alleged the essential elements of a fraud claim and described Spitzer/Steinberg's alleged misrepresentations and omissions with sufficient particularity to clearly inform those defendants of the incidents complained of (*cf. Lanzi v Brooks*, 43 NY2d at 780; *Daly v Kochanowicz*, 67 AD3d 78, 91 [2009]). Accordingly, the plaintiff's assertions were sufficient to support the first cause of action alleging fraud. Moreover, the plaintiff's allegations under the second cause of action were sufficient to allege a cognizable cause of action to recover damages for unjust enrichment (*see Carriafielio-Diehl & Assoc., Inc. v D&M Elec. Contr., Inc.*, 12 AD3d 478, 479 [2004]; *Wolf v National Council of Young Israel*, 264 AD2d 416, 417 [1999]).

The third and fourth causes of action are pleaded against Kahan/Odyssey and defendants other than Spitzer/Steinberg. The third cause of action alleging a breach of the "warranty of . . . truthfulness," in effect, stated a claim to recover damages for negligent misrepresentation. The plaintiff alleged sufficient facts which, if true, would establish that, because of their unique or specialized expertise, Kahan/Odyssey owed a duty to use rea-

sonable care to impart correct information and the plaintiff justifiably relied on their negligent misrepresentations (see *Kimmell v Schaefer*, 89 NY2d 257, 263 [1996]; *Fresh Direct v Blue Martini Software*, 7 AD3d 487, 489 [2004]). With respect to the fourth cause of action, affording the amended complaint a liberal construction and according the plaintiff every favorable inference, the plaintiff set forth a cause of action to recover damages for breach of contract as against Kahan/Odyssey (see *Nationwide Insulation & Sales, Inc. v Nova Cas. Co.*, 74 AD3d 1297, 1298 [2010]; *JP Morgan Chase v J.H. Elec. of N.Y., Inc.*, 69 AD3d 802, 803 [2010]). Prudenti, P.J., Angiolillo, Belen and Sgroi, JJ., concur.