■ JAMES A. RUGGIERO, Appellant, v ANNE-LOUISE DEPALO, Respondent. [61 NYS3d 253]—

In an action, inter alia, to rescind a postnuptial agreement that was incorporated but not merged into the parties' judgment of divorce, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Landicino, J.), dated September 30, 2015, as granted those branches of the defendant's cross motion which were pursuant to CPLR 3211 (a) (7) to dismiss so much of the first cause of action as alleged fraud and for summary judgment dismissing the remainder of the first cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff and the defendant were married in February

2004. After the defendant commenced a divorce action, the parties entered into a postnuptial agreement dated February 20, 2008, which was incorporated but not merged into the parties' judgment of divorce dated January 23, 2009. In January 2014, the plaintiff commenced this action, inter alia, to rescind the postnuptial agreement, alleging that it was procured through fraud, duress, coercion, and overreaching by the defendant, and that it was unconscionable. As relevant to this appeal, the defendant thereafter cross-moved, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss so much of the first cause of action as alleged that the postnuptial agreement was procured through fraud, and for summary judgment dismissing the remainder of the first cause of action, which alleged that the postnuptial agreement was procured through duress, coercion, and overreaching, and that it was unconscionable. The Supreme Court granted those branches of the defendant's cross motion, and the plaintiff appeals.

"Upon a motion to dismiss [pursuant to CPLR 3211 (a) (7)], the sole criterion is whether the subject pleading states a cause of action, and if, from the four corners of the complaint, factual allegations are discerned which, taken together, manifest any cause of action cognizable at law, then the motion will fail" (*RBE N. Funding, Inc. v Stone Mtn. Holdings, LLC*, 78 AD3d 807, 808 [2010] [internal quotation marks omitted]). The court must "accept the facts as alleged in the complaint as true [and] accord plaintiffs the benefit of every possible favorable inference" (*Leon v Martinez*, 84 NY2d 83, 87 [1994]; *see Ackerman v Kesselman*, 100 AD3d 577, 578 [2012]; *RBE N. Funding, Inc. v Stone Mtn. Holdings, LLC*, 78 AD3d at 809). Bare legal conclusions, however, are not presumed true (*see 3 E. 54th St. N.Y., LLC v Patriarch Partners, LLC*, 90 AD3d 418, 419 [2011]).

"When a plaintiff brings a cause of action based upon fraud, 'the circumstances constituting the wrong shall be stated in detail' " (*Sargiss v Magarelli*, 12 NY3d 527, 530 [2009], quoting CPLR 3016 [b]). Here, contrary to the plaintiff's contention, the Supreme Court properly granted dismissal of so much of the first cause of action as alleged fraud. The plaintiff's conclusory allegations of fraud were insufficient to set forth such a cause of action in accordance with the applicable pleading requirements (*cf. Sargiss v Magarelli*, 12 NY3d at 531).

The Supreme Court also properly granted that branch of the defendant's cross motion which was for summary judgment dismissing the remainder of the first cause of action. "In determining a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving

party . . . and afford such party the benefit of every favorable inference" (*Gardella v Remizov*, 144 AD3d 977, 979 [2016] [internal quotation marks omitted]). "A motion for summary judgment should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility" (*id.* at 979 [internal quotation marks omitted]). Conclusory allegations, however, are insufficient to defeat summary judgment, and a plaintiff opposing the motion must provide more than a mere reiteration of those factual allegations contained in the complaint (*see Spaulding v Benenati*, 57 NY2d 418, 425 [1982]; *S.J. Capelin Assoc. v Globe Mfg. Corp.*, 34 NY2d 338, 343 [1974]; *Cioffi-Petrakis v Petrakis*, 72 AD3d 868, 869 [2010]; *Ricca v Ricca*, 57 AD3d 868, 869 [2008]).

"An agreement between spouses which is fair on its face will be enforced according to its terms unless there is proof of unconscionability, or fraud, duress, overreaching, or other inequitable conduct" (*McKenna v McKenna*, 121 AD3d 864, 865 [2014]; *see Gardella v Remizov*, 144 AD3d at 978). Here, in opposition to the defendant's prima facie showing of entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Gardella v Remizov*, 144 AD3d at 979-980), the plaintiff failed to raise a triable issue of fact as to whether the postnuptial agreement was procured through duress, coercion, or overreaching, or that it was unconscionable (*cf. Gardella v Remizov*, 144 AD3d at 980).

Accordingly, the Supreme Court properly granted the subject branches of the defendant's cross motion. Balkin, J.P., Roman, Sgroi and Duffy, JJ., concur.