Robles v Patel (2018 NY Slip Op 06779)





Robles v Patel


2018 NY Slip Op 06779


Decided on October 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-10019
 (Index No. 607028/16)

[*1]Salvador Sanchez Robles, respondent, 
v
Kirit Patel, et al., appellants.


Kelly, Rode & Kelly, LLP, Mineola, NY (Eric P. Tosca of counsel), for appellants.
Cardali & Associates, P.C. (Sacks and Sacks, LLP, New York, NY [Scott N. Singer], of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for fraud, the defendants appeal from an order of the Supreme Court, Nassau County (Anthony L. Parga, J.), entered July 25, 2017. The order, insofar as appealed from, denied those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the complaint or, alternatively, for leave to amend the answer so as to change certain responses to the plaintiff's allegations.
ORDERED that the order is modified, on the law and in the exercise of discretion, by deleting the provisions thereof denying those branches of the defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss so much of the fraud cause of action as was premised upon allegations that the defendants made misrepresentations to nonparty Liberty Mutual Insurance, and to dismiss the cause of action alleging fraudulent conveyance, and for leave to amend the answer so as to change certain responses to the plaintiff's allegations, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff allegedly was injured while working on a renovation project at a property owned, at the time of the accident, by the defendant Kirit Patel (hereinafter Kirit). The plaintiff commenced a personal injury action against Kirit, among others, to recover damages for those injuries. Kirit's insurer, Liberty Mutual Insurance (hereinafter Liberty Mutual), disclaimed coverage for the lawsuit.
The plaintiff thereafter commenced this action, alleging that the defendants committed fraud relating to insurance coverage for the renovation project, and that Kirit fraudulently conveyed his property to the defendant Stanley Lane Realty Corp., which he allegedly co-owned with the defendant Niraj Patel, after the personal injury action was commenced. The defendants moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint or, alternatively, for leave to amend the answer so as to change certain responses to the plaintiff's allegations. The Supreme Court denied those branches of the motion.
The elements of a cause of action to recover damages for fraud are "a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance [*2]by the plaintiff and damages" (Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559; see Lee Dodge, Inc. v Sovereign Bank, N.A., 148 AD3d 1007, 1008). Moreover, where a cause of action is based on fraud, "the circumstances constituting the wrong shall be stated in detail" (CPLR 3016[b]; see Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d at 559).
Here, construing the complaint liberally, accepting all factual allegations to be true, and giving the plaintiff the benefit of all favorable inferences (see Leon v Martinez, 84 NY2d 83, 87), the complaint adequately stated a cause of action alleging fraud based upon the allegations that the defendants knowingly made misrepresentations to the plaintiff regarding insurance coverage for the renovation project. The complaint stated the misrepresentations with sufficient particularity to clearly inform the defendants of the incidents complained of (see RBE N. Funding, Inc. v Stone Mtn. Holdings, LLC, 78 AD3d 807, 809). However, the plaintiff failed to state a cause of action based upon alleged misrepresentations the defendants made to Liberty Mutual, as the plaintiff failed to adequately allege that the misrepresentations were made for the purpose of being communicated to the plaintiff in order to induce his reliance thereon or that these misrepresentations were relayed to the plaintiff, who then relied upon them (see Pasternack v Laboratory Corp. of Am. Holdings, 27 NY3d 817, 828; New York Tile Wholesale Corp. v Thomas Fatato Realty Corp., 153 AD3d 1351, 1354; Bynum v Keber, 135 AD3d 1066, 1068). Accordingly, the Supreme Court should have granted that branch of the motion which was to dismiss so much of the fraud cause of action as was predicated upon alleged misrepresentations made by the defendants to Liberty Mutual.
The plaintiff also failed to state a cause of action to recover for a fraudulent conveyance pursuant to Debtor and Creditor Law § 273-a. The plaintiff failed to allege the existence of an unsatisfied judgment against Kirit, which is an essential element of a cause of action pursuant to Debtor and Creditor Law § 273-a (see Fishcer v Sadov Realty Corp., 34 AD3d 632; Frybergh v Weissman, 145 AD2d 531, 531-532; see also Coyle v Lefkowitz, 89 AD3d 1054, 1056). Therefore, the Supreme Court should have granted that branch of the motion which was to dismiss that cause of action.
The Supreme Court should also have granted that branch of the defendants' motion which was for leave to amend the answer so as to change certain responses to the plaintiff's allegations, since the amendment would not result in prejudice or surprise to the plaintiff (see CPLR 3025[b]; 1259 Lincoln Place Corp. v Bank of N.Y., 159 AD3d 1004).
The defendants' remaining contention is without merit.
ROMAN, J.P., SGROI, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court