Nizen-Jacobellis v Lindenhurst Union Free Sch. Dist. (2021 NY Slip Op 08195)





Nizen-Jacobellis v Lindenhurst Union Free Sch. Dist.


2021 NY Slip Op 08195


Decided on February 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2019-05216
 (Index No. 1615/16)

[*1]Cole Nizen-Jacobellis, appellant, 
v
Lindenhurst Union Free School District, respondent.


Cartier, Bernstein, Auerbach & Steinberg, P.C., Patchogue, NY (Linda Marie Boswell of counsel), for appellant.
Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Kathleen D. Foley of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated April 17, 2019. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
On April 22, 2014, the plaintiff, then a 10th-grade student at a public high school within the defendant, Lindenhurst Union Free School District (hereinafter the School District), allegedly was assaulted by a fellow 10th-grade student at the end of a class. As the plaintiff and the other student were leaving Spanish class, the other student allegedly grabbed the plaintiff's head from behind and thrust his face into a bulletin board.
In February 2016, this action was commenced against the School District, alleging negligent supervision. The School District moved for summary judgment dismissing the complaint. In an order dated April 17, 2019, the Supreme Court granted the School District's motion. The plaintiff appeals.
"Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Mirand v City of New York, 84 NY2d 44, 49; see Tutaj v Seaford Union Free Sch. Dist., 179 AD3d 968, 969; RT v Three Vil. Cent. Sch. Dist., 153 AD3d 747, 747-748). "In determining whether the duty to provide adequate supervision has been breached in the context of injuries caused by the acts of fellow students, it must be established that school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated" (Mirand v City of New York, 84 NY2d at 49; see RT v Three Vil. Cent. Sch. Dist., 153 AD3d at 748; Mathis v Board of Educ. of City of N.Y., 126 AD3d 951, 952). "Actual or constructive notice to the school of prior similar conduct generally is required, and 'an injury caused by the impulsive, unanticipated act of a fellow student ordinarily will not give rise to a finding of negligence'" (Mathis v Board of Educ. of City of N.Y., 126 [*2]AD3d at 952, quoting Mirand v City of New York, 84 NY2d at 49).
"A plaintiff also must establish that the alleged breach of the duty to provide adequate supervision was a proximate cause of the injuries sustained" (RT v Three Vil. Cent. Sch. Dist., 153 AD3d at 748; see Mirand v City of New York, 84 NY2d at 50; Mathis v Board of Educ. of City of N.Y., 126 AD3d at 952-953). "The adequacy of a school's supervision of its students is generally a question left to the trier of fact to resolve, as is the question of whether inadequate supervision was the proximate cause of the plaintiff's injury" (RT v Three Vil. Cent. Sch. Dist., 153 AD3d at 748; see Braunstein v Half Hollow Hills Cent. Sch. Dist., 104 AD3d 893, 894).
Here, in support of its motion for summary judgment, the School District failed to establish, prima facie, that the other student's grabbing of the plaintiff's head from behind and pushing it into a bulletin board was not foreseeable, or that its alleged negligent supervision was not a proximate cause of the plaintiff's injury (see Mirand v City of New York, 84 NY3d at 49-50; RT v Three Vil. Cent. Sch. Dist., 153 AD3d at 748; Mathis v Board of Educ. of City of N.Y., 126 AD3d at 953; Smith v Poughkeepsie City School Dist., 41 AD3d 579, 580).
In support of its motion, other than the notice of claim and the pleadings, the School District relied solely on the transcript of the plaintiff's deposition testimony. While the plaintiff testified that he had never been physically assaulted by the other student prior to the subject incident, he testified that the other student always made threatening comments to him during Spanish class, of which seven or eight were serious in nature, and three or four were accompanied by a closed fist motion in an attempt to get the plaintiff to flinch. The plaintiff also testified that he complained about these threats to the Spanish teacher, who had witnessed the other student make a closed fist motion toward the plaintiff on at least one or two occasions, and that he asked the teacher if she could do something about these threats, but she never said anything to the other student. Moreover, while the plaintiff testified that he did not know whether the other student had ever threatened or assaulted other students, the School District failed to submit any affidavit or deposition testimony from its own personnel establishing that it did not have specific knowledge or notice of the dangerous conduct that caused the alleged injuries to the plaintiff (see RT v Three Vil. Cent. Sch. Dist., 153 AD3d at 748).
With respect to proximate cause, the School District did not demonstrate, prima facie, that the subject incident occurred so quickly and spontaneously "that even the most intense supervision could not have prevented it" (Convey v City of Rye School Dist., 271 AD2d 154, 160; see RT v Three Vil. Cent. Sch. Dist., 153 AD3d at 749). The plaintiff testified that approximately 10 minutes before the end of class on the date of the assault, while the class was silently working on an assignment, the other student threatened out loud to stab him, which was overheard by the rest of the class and the teacher.
Accordingly, the Supreme Court should have denied the School District's motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiff's opposing papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
AUSTIN, J.P., HINDS-RADIX, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court