J.S. v Ramapo Cent. Sch. Dist. (2022 NY Slip Op 03265)

J.S. v Ramapo Cent. Sch. Dist.

2022 NY Slip Op 03265

Decided on May 18, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
PAUL WOOTEN, JJ.

2020-02394
 (Index No. 33861/15)

[*1]J.S., etc., respondent, 
v
Ramapo Central School District, appellant, et al., defendants.

Johnson & Laws, LLC, Clifton Park, NY (Loraine C. Jelinek and Gregg T. Johnson of counsel), for appellant.
Tamir Law Group, P.C., New York, NY (Andrew Kurtz of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligent supervision, the defendant Ramapo Central School District appeals from an order of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated February 18, 2020. The order, insofar as appealed from, denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging negligent supervision insofar as asserted against the defendant Ramapo Central School District.
ORDERED that the order is affirmed insofar as appealed from, with costs.
During the 2014-2015 school year, the plaintiff was a first grade student at Viola Elementary School (hereinafter the school), which is located within the defendant Ramapo Central School District (hereinafter the School District). On or about June 9, 2015, the plaintiff allegedly was injured when a fellow student, unprovoked, grabbed the plaintiff's arm and pulled it with extreme force. This alleged incident followed other alleged incidents in which the same student, as well as other fellow students, punched, tripped, or threatened the plaintiff.
In August 2015, the plaintiff, by her father, commenced this action against the School District, among others, seeking, inter alia, damages for the emotional and physical injuries she allegedly sustained based on a theory of negligent supervision. After completion of discovery, the defendants moved for summary judgment dismissing the complaint. The plaintiff opposed the defendants' motion. In an order dated February 18, 2020, the Supreme Court, inter alia, denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging negligent supervision insofar as asserted against the School District. The School District appeals.
"Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Mirand v City of New York, 84 NY2d 44, 49; see Nizen-Jacobellis v Lindenhurst Union Free Sch. Dist., 191 AD3d 1007, 1008). "In determining whether the duty to provide adequate supervision has been breached in the context of injuries caused by the acts of fellow students, it must be established that school authorities had sufficiently specific knowledge or notice [*2]of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated" (Mirand v City of New York, 84 NY2d at 49; see Guerriero v Sewanhaka Cent. High Sch. Dist., 150 AD3d 831, 832). Actual or constructive notice to the school of prior similar conduct is generally required, and injury caused by the "impulsive, unanticipated act of a fellow student ordinarily will not give rise to a finding of negligence absent proof of prior conduct that would have put a reasonable person on notice to protect against the injury-causing act" (Mirand v City of New York, 84 NY2d at 49; see Nizen-Jacobellis v Lindenhurst Union Free Sch. Dist., 191 AD3d at 1007-1008).
A plaintiff also must establish that the alleged breach of the duty to provide adequate supervision was a proximate cause of the injuries sustained (see Mirand v City of New York, 84 NY2d at 49; Nizen-Jacobellis v Lindenhurst Union Free Sch. Dist., 191 AD3d at 1008). "Proper supervision depends largely on the circumstances surrounding the event" (Mirand v City of New York, 84 NY2d at 51; see Guerriero v Sewanhaka Cent. High Sch. Dist., 150 AD3d at 833). Whether such supervision was adequate and, if inadequate, whether it was a proximate cause of the subject injuries are generally questions for the trier of fact to resolve (see Nizen-Jacobellis v Lindenhurst Union Free Sch. Dist., 191 AD3d at 1008; RT v Three Vil. Cent. Sch. Dist., 153 AD3d 747, 748).
Here, the defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging negligent supervision insofar as asserted against the School District. Viewing the evidence in the light most favorable to the plaintiff (see Ruggiero v DePalo, 153 AD3d 870, 871-872), the plaintiff and her parents complained about the allegedly injurious conduct and behavior of the plaintiff's fellow students, and in response, the School District took certain measures to supervise and protect the plaintiff while attending the school. However, the defendants' motion papers failed to eliminate all triable issues of fact as to whether the School District adequately supervised the plaintiff and her fellow students in response to those complaints, and failed to demonstrate, prima facie, that any of the complained of incidents occurred so spontaneously that even the most intense supervision could not have prevented them (see Nizen-Jacobellis v Lindenhurst Union Free Sch. Dist., 191 AD3d at 1008; RT v Three Vil. Cent. Sch. Dist., 153 AD3d at 748; cf. Busby v Ticonderoga Cent. School Dist., 258 AD2d 762). Since the defendants failed to meet their prima facie burden, we do not consider the sufficiency of the plaintiff's opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
The School District's remaining contentions are without merit.
Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging negligent supervision insofar as asserted against the School District.
CONNOLLY, J.P., RIVERA, MILLER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court