Wilmington Trust, N.A. v Donadio (2023 NY Slip Op 03724)

Wilmington Trust, N.A. v Donadio

2023 NY Slip Op 03724

Decided on July 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
LILLIAN WAN, JJ.

2020-08830
 (Index No. 33365/18)

[*1]Wilmington Trust, National Association, etc., appellant, 
v
Anthony J. Donadio, Jr., et al., defendants.

Friedman Vartolo, LLP, New York, NY (Ronald P. Labeck of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated October 9, 2020. The order, insofar as appealed from, denied those branches of the plaintiff's unopposed motion which were for summary judgment on the complaint insofar as asserted against the defendants Anthony J. Donadio, Jr., and Kimberly C. Donadio, to strike their first and seventh affirmative defenses, and for an order of reference.
ORDERED that the appeal is dismissed, without costs or disbursements.
It is the obligation of the appellant to assemble a proper record on appeal, and the record must contain all of the relevant papers that were before the Supreme Court (see CPLR 5526; Lee v Barnett, 134 AD3d 908, 910). Here, the court relied upon a "lost note affidavit from Edward G. Olson, Vice President of Loan Document for Wells Fargo Bank, N.A. (Exhibit A, NYSCEF Doc. 41)" in deciding the motion which is the subject of this appeal. However, the record compiled by the plaintiff does not contain the lost note affidavit. Accordingly, the record is inadequate to allow this Court to render an informed decision pertaining to the order appealed from, and the appeal must be dismissed (see Carl Daily Leasing Corp. v Larochelle, 211 AD3d 795).
BARROS, J.P., MILLER, GENOVESI and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court