MCVAWCD-DOE v Columbus Ave. Elementary Sch. (2024 NY Slip Op 01703)

MCVAWCD-DOE v Columbus Ave. Elementary Sch.

2024 NY Slip Op 01703

Decided on March 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
JANICE A. TAYLOR, JJ.

2023-06374
 (Index No. 52435/20)

[*1]MCVAWCD-DOE, appellant, 
v
Columbus Avenue Elementary School, et al., respondents.

Phillips & Paolicelli, LLP, New York, NY (Ari L. Taub of counsel), for appellant.
Shaw, Perelson, May & Lambert, LLP, Poughkeepsie, NY (Mark C. Rushfield of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the plaintiff appeals from an order of the Supreme Court, Westchester County (Leonard D. Steinman, J.), dated June 29, 2023. The order, insofar as appealed from, granted those branches of the defendants' motion which were for summary judgment dismissing the first and second causes of action.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendants' motion which were for summary judgment dismissing the first and second causes of action are denied.
In this action commenced pursuant to the Child Victims Act (see CPLR 214-g), the plaintiff alleges, inter alia, that the defendants, Columbus Avenue Elementary School and Valhalla Union Free School District, negligently failed to prevent sexual abuse allegedly perpetrated by the defendants' employee, a teacher (hereinafter the teacher), upon the plaintiff from 1980 through 1983.
The defendants moved for summary judgment dismissing the complaint on the ground, among others, that they did not have actual or constructive notice of the teacher's alleged propensity to engage in sexual abuse or of the abuse that he allegedly perpetrated. By order dated June 29, 2023, the Supreme Court, inter alia, granted those branches of the defendants' motion which were for summary judgment dismissing the first cause of action, alleging negligent hiring, retention, and supervision, and the second cause of action, alleging negligence with respect to the defendants' supervision of the plaintiff. The plaintiff appeals.
"Although an employer cannot be held vicariously liable for torts committed by an employee who is acting solely for personal motives unrelated to the furtherance of the employer's business, the employer may still be held liable under theories of negligent hiring, retention, and supervision of the employee" (Johansmeyer v New York City Dept. of Educ., 165 AD3d 634, 635 [citations and internal quotation marks omitted]). "To establish a cause of action based on negligent hiring, negligent retention, or negligent supervision, it must be shown that the employer knew or should have known of the employee's propensity for the conduct which caused the injury" (Shor v Touch-N-Go Farms, Inc., 89 AD3d 830, 831; see Fuller v Family Servs. of Westchester, Inc., 209 AD3d 983, 984). "The employer's negligence lies in having placed the employee in a position to [*2]cause foreseeable harm, harm which would most probably have been spared the injured party had the employer taken reasonable care in making decisions respecting the hiring[,] . . . retention[, or supervision] of the employee" (D.T. v Sports & Arts in Schs. Found., Inc., 193 AD3d 1096, 1097 [internal quotation marks omitted]; see Johansmeyer v New York City Dept. of Educ., 165 AD3d at 635-637).
A school or school district "owes a duty to adequately supervise the students in its care, and may be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Fernandez v City of Yonkers, 139 AD3d 895, 896 [internal quotation marks omitted]; see Doe v Rohan, 17 AD3d 509, 511). "The standard for determining whether the school has breached its duty is to compare the school's supervision and protection to that of a parent of ordinary prudence placed in the same situation and armed with the same information" (Wienclaw v East Islip Union Free Sch. Dist., 192 AD3d 945, 946 [internal quotation marks omitted]). Where alleged negligent supervision results in "injuries related to an individual's intentional acts, the plaintiff generally must [establish as an element of the claim] that the school knew or should have known of the individual's propensity to engage in such conduct, such that the individual's acts could be anticipated or were foreseeable" (Burdo v Cold Spring Harbor Cent. Sch. Dist., 219 AD3d 1481, 1482 [internal quotation marks omitted]; see Fuller v Family Servs. of Westchester, Inc., 209 AD3d at 984). Thus, "[a]ctual or constructive notice to the school of prior similar conduct generally is required" (Burdo v Cold Spring Harbor Cent. Sch. Dist., 219 AD3d at 1482 [internal quotation marks omitted]; see Nizen-Jacobellis v Lindenhurst Union Free Sch. Dist., 191 AD3d 1007, 1007-1008). Nonetheless, "[t]he adequacy of a school's supervision of its students is generally a question left to the trier of fact to resolve, as is the question of whether inadequate supervision was the proximate cause of the plaintiff's injury" (Braunstein v Half Hollow Hills Cent. Sch. Dist., 104 AD3d 893, 894 [internal quotation marks omitted]; see Nizen-Jacobellis v Lindenhurst Union Free Sch. Dist., 191 AD3d at 1008).
Here, the defendants failed to establish, prima facie, that they lacked constructive notice of the teacher's alleged abusive propensities and conduct (see Palpoli v Sewanhaka Cent. High Sch. Dist., 166 AD3d 639, 641; Johansmeyer v New York City Dept. of Educ., 165 AD3d at 636). In particular, given the frequency of the alleged abuse, which occurred over a three-year period, and always occurred inside the same classroom during the school day, the defendants did not eliminate triable issues of fact as to whether they should have known of the abuse (see Nizen-Jacobellis v Lindenhurst Union Free Sch. Dist., 191 AD3d at 1008; Johansmeyer v New York City Dept. of Educ., 165 AD3d at 636). Additionally, the defendants failed to eliminate triable issues of fact as to whether their supervision of the teacher or the plaintiff was not negligent, in light of, among other things, the teacher was on "probationary" status during the relevant period, the special education lessons during which the alleged abuse occurred were one-on-one and behind closed doors, the plaintiff testified at his deposition that the school principal "never came in" or "checked" on him during the lessons, and only a single observation report from Columbus Avenue Elementary School is available in the teacher's employment file during the relevant period.
Accordingly, the Supreme Court should have denied those branches of the defendants' motion which were for summary judgment dismissing the first and second causes of action, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
LASALLE, P.J., CHAMBERS, VOUTSINAS and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court