G.A. v City of New York (2024 NY Slip Op 05427)

G.A. v City of New York

2024 NY Slip Op 05427

Decided on November 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOSEPH J. MALTESE, J.P.
LARA J. GENOVESI
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2023-08261
 (Index No. 152536/19)

[*1]G.A., etc., et al., appellants, 
v
City of New York, et al., respondents, et al., defendants.

Jonathan D'Agostino & Associates, P.C., Staten Island, NY (Glen Devora of counsel), for appellants.
Muriel Goode-Trufant, Acting Corporation Counsel, New York, NY (Devin Slack and Chloé K. Moon of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Richmond County (Orlando Marrazzo, Jr., J.), dated June 30, 2023. The order, insofar as appealed from, granted that branch of the motion of the defendants City of New York and New York City Department of Education which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The infant plaintiff allegedly sustained personal injuries when he was assaulted by another student during a physical education class at Port Richmond High School. The infant plaintiff, by his father and natural guardian and his father, individually, commenced this action against, among others, the City of New York and the New York City Department of Education (hereinafter together the defendants). The defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. In an order dated June 30, 2023, the Supreme Court, among other things, granted that branch of the motion. The plaintiffs appeal.
"'In determining whether the duty to provide adequate supervision has been breached in the context of injuries caused by the acts of fellow students, it must be established that school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated'" (Nizen-Jacobellis v Lindenhurst Union Free Sch. Dist., 191 AD3d 1007, 1007, quoting Mirand v City of New York, 84 NY2d 44, 49). "Actual or constructive notice to the school of prior similar conduct generally is required, and an injury caused by the impulsive, unanticipated act of a fellow student ordinarily will not give rise to a finding of negligence" (id. at 1007-1008 [internal quotation marks omitted]; see Mathis v Board of Educ. of City of N.Y., 126 AD3d 951, 952). Where an accident occurs in so short a span of time that even the most intense supervision could not have prevented it, any lack of supervision is not the proximate cause of the injury and summary judgment in favor of the defendant is warranted (see M.X. v City of New Rochelle, 218 AD3d 519, 521; Gonzalez v South Huntington Union Free Sch. Dist., 176 AD3d 920, 921).
Here, the defendants established, prima facie, that their alleged inadequate supervision of the infant plaintiff and his classmates was not a proximate cause of the infant plaintiff's injuries. The sudden and violent behavior of one of the students was not foreseeable based on any prior, similar conduct that would have indicated that more specific supervision was required (see Nizen-Jacobellis v Lindenhurst Union Free Sch. Dist., 191 AD3d at 1007). Accordingly, the defendants could not reasonably have foreseen the student's conduct nor could any amount of supervision have prevented it (see M.X. v City of New Rochelle, 218 AD3d at 521; Gonzalez v South Huntington Union Free Sch. Dist., 176 AD3d at 921). In opposition, the plaintiffs failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.
MALTESE, J.P., GENOVESI, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court