Greenberg v Frier & Levitt, LLC (2025 NY Slip Op 02325)

Greenberg v Frier & Levitt, LLC

2025 NY Slip Op 02325

Decided on April 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
JAMES P. MCCORMACK, JJ.

2023-10294
 (Index No. 604402/23)

[*1]Joel M. Greenberg, appellant, 
v
Frier & Levitt, LLC, respondent.

Lynn Gartner Dunne & Frigenti, LLP, Mineola, NY (Kenneth L. Gartner, John W. Dunne, and Christopher A. Renke of counsel), for appellant.
Frier & Levitt, LLC, New York, NY (Lucas W. Morgan of counsel), respondent pro se.

DECISION & ORDER
In an action, inter alia, to recover damages for anticipatory breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Christopher G. Quinn, J.), entered July 19, 2023. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the appeal is dismissed, without costs or disbursements.
The plaintiff commenced this action against the defendant to recover damages for anticipatory breach of contract and for a declaratory judgment. The defendant moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint. In an order entered July 19, 2023, the Supreme Court granted the defendant's motion and directed dismissal of the complaint without prejudice. The plaintiff appeals.
"It is the obligation of the appellant to assemble a proper record on appeal" (Babayev v Kreitzman, 168 AD3d 655, 655 [internal quotation marks omitted]; see Bing v Myrtle 6, LLC, 227 AD3d 769, 770). "Generally speaking, 'a[n] appellant's record on appeal must contain all of the relevant papers before the Supreme Court'" (Babayev v Kreitzman, 168 AD3d at 655, quoting Gaffney v Gaffney, 29 AD3d 857, 857; see CPLR 5526). "Appeals that are not based upon complete and proper records must be dismissed" (Garnerville Holding Co. v IMC Mgt., 299 AD2d 450, 450; see Deutsche Bank Natl. Trust Co. v Hounnou, 147 AD3d 814, 814).
Here, the record is inadequate for meaningful appellate review, as the record does not contain a copy of the complaint in this action. Since this omission has rendered meaningful appellate review of the Supreme Court's order virtually impossible, the appeal must be dismissed (see Wilmington Trust, N.A. v Donadio, 218 AD3d 519).
IANNACCI, J.P., FORD, VOUTSINAS and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court