Sterling Trust Ltd. v Stern (2025 NY Slip Op 02618)

Sterling Trust Ltd. v Stern

2025 NY Slip Op 02618

Decided on April 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2023-07900
 (Index No. 602491/16)

[*1]Sterling Trust Limited, etc., appellant,
v
Michael Stern, et al., defendants, Sandra Stern, etc., respondent.

The Nolan Law Firm, New York, NY (William Paul Nolan of counsel), for appellant.
Blodnick Fazio & Clark, Garden City, NY (Paul A. Lanni of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Dawn Jimenez, J.), entered July 6, 2023. The order denied the plaintiff's motion, in effect, for leave to renew its opposition to the motion of the defendant Sandra Stern for summary judgment dismissing the complaint insofar as asserted against her, which had been granted in an order of the same court dated October 31, 2022.
ORDERED that the appeal is dismissed, with costs.
The plaintiff commenced this action against, among others, the defendant Sandra Stern (hereinafter the defendant), inter alia, to recover damages for breach of contract. After the completion of discovery, the defendant moved for summary judgment dismissing the complaint insofar as asserted against her, which motion was granted in an order dated October 31, 2022. The plaintiff thereafter moved, in effect, for leave to renew its opposition to the defendant's summary judgment motion. By order entered July 6, 2023, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
"Pursuant to CPLR 5526, [i]t is the obligation of the appellant to assemble a proper record on appeal, and the record must contain all of the relevant papers that were before the Supreme Court" (Fitzpatrick v Affairs & Banquets Floral Servs., Inc., 227 AD3d 954, 954 [internal quotation marks omitted]; see Wilmington Trust, N.A. v Donadio, 218 AD3d 519; Eleven Stars, LLC v Central Baptist Church, 206 AD3d 884, 885). Where omission of relevant documents from the record "render[s] meaningful review of the court's order virtually impossible, dismissal of the appeal is the appropriate disposition" (Fitzpatrick v Affairs & Banquets Floral Servs., Inc., 227 AD3d at 955 [internal quotation marks omitted]; see Eleven Stars, LLC v Central Baptist Church, 206 AD3d at 885).
Here, the plaintiff properly placed the pleadings and the underlying summary judgment motion papers before the Supreme Court in this electronically filed action by referencing them in the plaintiff's attorney affirmation in support of the motion, in effect, for leave to renew and giving the docket numbers on the e-filing system (see CPLR 2214[c]; Nationstar Mtge., LLC v Bailey, 175 AD3d 697, 698). However, the plaintiff failed to reproduce the pleadings and underlying [*2]motion papers in the record on appeal (see 22 NYCRR 1250.5[b]; 1250.6[b]; 1250.7[a]). Without those papers, this Court cannot meaningfully review the Supreme Court's order denying the plaintiff's motion, in effect, for leave to renew its opposition to the defendant's motion for summary judgment dismissing the complaint insofar as asserted against her (see Fitzpatrick v Affairs & Banquets Floral Servs., Inc., 227 AD3d at 955; Eleven Stars, LLC v Central Baptist Church, 206 AD3d at 885). Accordingly, the appeal must be dismissed.
IANNACCI, J.P., CHRISTOPHER, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court