Roosevelt Lee 38, LLC v Bhatia & Assoc., PLLC
2026 NY Slip Op 03463
June 3, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Roosevelt Lee 38, LLC, respondent,
v
Bhatia & Associates, PLLC, et al., appellants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 3, 2026
2024-10414, (Index No. 707679/23)
Mark C. Dillon, J.P.
William G. Ford
Laurence L. Love
James P. McCormack, JJ.

Bhatia & Associates, PLLC, New York, NY (Satish K. Bhatia pro se of counsel), appellant pro se.
Smith Carroad Wan & Parikh, P.C., Smithtown, NY (Kevin M. Knab of counsel), for respondent.

[*1]
DECISION & ORDER
In an action to recover unpaid rent, the defendants appeal from an order of the Supreme Court, Queens County (Phillip Hom, J.), entered August 19, 2024. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was pursuant to CPLR 3012 to extend its time to reply to the defendants' counterclaims.
ORDERED that the appeal is dismissed, without costs or disbursements.
"It is the obligation of the appellant to assemble a proper record on appeal, and the record must contain all of the relevant papers that were before the Supreme Court" (Wilmington Trust, N.A. v Donadio, 218 AD3d 519, 519; see CPLR 5526). "In circumstances where an appellant's failure to compile a 'complete and proper record[ ]''render[s] meaningful appellate review of the court's [determination] virtually impossible,' the appeal 'must be dismissed'" (Fitzpatrick v Affairs & Banquets Floral Servs., Inc., 227 AD3d 954, 954 [internal quotation marks omitted], quoting Ciafone v Jobs for NY, Inc., 151 AD3d 692, 692).
Here, the record on appeal is inadequate. The appellants failed to include exhibits that pertain to the respondent's argument that it established a meritorious defense to the counterclaims, and the omission of these documents from the record renders any meaningful appellate review of the Supreme Court's order virtually impossible (see CPLR 5526; Deutsche Bank Natl. Trust Co. v Hounnou, 147 AD3d 814, 815). Accordingly, the appeal must be dismissed (see Wilmington Trust, N.A. v Donadio, 218 AD3d at 519).
DILLON, J.P., FORD, LOVE and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court